[No. G044252. Fourth Dist., Div. Three. Sept. 29, 2011.]

VANLOAN JOHNSON, Plaintiff and Appellant, v.
JOHN T. CHIU, Defendant and Respondent.

## COUNSEL

Esner, Chang & Boyer and Stuart B. Esner for Plaintiff and Appellant.

Cole Pedroza, Kenneth R. Pedroza, Cassidy E. Cole, Curtis A. Cole; Herzfeld & Rubin, Michael A. Zuk and Suhasini S. Sawkar for Defendant and Respondent.

## OPINION

**MOORE, J.**—Plaintiff Vanloan Johnson brought a complaint against Dr. John T. Chiu for medical malpractice and negligent maintenance of the laser machine that malfunctioned during a skin treatment, causing her injury. The trial court granted summary adjudication on the medical malpractice claim and later denied summary judgment on the negligent maintenance claim. The case was sent to a second judge for trial. Chiu brought another motion to dismiss the negligent maintenance claim, but this time he called it a motion in limine. The second judge also denied the motion. Not happy with the ruling, Chiu sought extraordinary relief. That was denied. For reasons not explained in the record, the case was assigned to a third judge for trial. Chiu brought his motion in limine once again and this time the judge granted it. Chiu argued in his in limine motions that Johnson was foreclosed from proceeding on her negligent maintenance cause of action because the court had previously granted him summary adjudication on the medical malpractice cause of action. (See *Flowers v. Torrance Memorial Hospital Medical Center* (1994) 8 Cal.4th 992 [35 Cal.Rptr.2d 685, 884 P.2d 142] (*Flowers*).)

Although Chiu's use of an in limine motion was improper and failed to comply with the procedural requirements of Code of Civil Procedure sections 437c and 1008, Johnson concedes she did not raise the issue in the trial court as required by *K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc.* (2009) 171 Cal.App.4th 939, 948–949 [90 Cal.Rptr.3d 247], and has withdrawn that argument. We reverse because *Flowers* does not preclude Johnson from proceeding on the merits of her negligent maintenance cause of action.

I

FACTS

In the first cause of action of her complaint for damages against Chiu and Laserlight Center Amg, Inc. (Laserlight Center), plaintiff alleged medical

malpractice. She alleged Chiu began her on a series of laser treatments and on March 31, 2003, during one such treatment, the laser machine emitted "a loud booming sound" that impacted her right ear resulting in a loss of hearing and vertigo. According to the first cause of action, the injuries were proximately caused by Chiu as a result of his negligent examination, care, and treatment.

The second cause of action, strict liability for defective design, named only Does as defendants and is not involved in this appeal. The third cause of action was for negligent maintenance. It alleged plaintiff's injuries were proximately caused by the negligent repair and maintenance of the laser machine. Like the second cause of action, the third cause of action did not name Chiu or Laserlight Center as defendants, and named only Does.

Chiu and Laserlight Center filed a motion for summary judgment on the first cause of action, the only cause in which either was named as a defendant. They alleged summary judgment was required "because the undisputed evidence shows that, at all time[s], Dr. Chiu and Laserlight's care and treatment of plaintiff complied with the applicable standard of care and did not cause or contribute to any harm." (Some capitalization omitted.)

The day before plaintiff filed her opposition to the motion for summary judgment, she amended the complaint to allege Chiu as one of the Does in the third cause of action for negligent maintenance. Her opposition to the summary judgment motion alleged the motion should be denied because Chiu negligently maintained the equipment that caused plaintiff's injuries (the third cause of action) and a defendant is entitled to summary judgment only when *all* theories of liability have been negated. Submitted with the opposition were a number of declarations and excerpts from depositions.

Plaintiff's argument was that Chiu had no regular maintenance of the equipment. One of the declarations in opposition to the summary judgment motion was by Christine Ruther. Ruther holds a bachelor of science degree in physics and a master of science degree in biomedical engineering. Her declaration addressed whether Chiu "used reasonable care in the repair and maintenance of the VascuLight system." In forming her opinion, she considered the following: "VascuLight Operator Manual; Service Reports for the Lumenis VascuLight System machine; Technical Reports on the system machine; Lumenis System Certification Reports (this is a report that is used as a work order when a customer calls with a particular problem. After

completion of the work it is filled in with what was found); depositions of the plaintiff, John T. Chiu, M.D., nurse Rosemarie Houck, R.N., Lumenis employees, Jerome Claussen and Daniel Curtin; [and] Samuel Whitaker, M.D. (plaintiff's treating physician)."

Ruther concluded "the lack of maintenance of the machine, to a high degree of engineering probability, was a substantial factor in causing the flash tube to break causing the noise [Johnson] described as a gun going off." She cited a number of facts to support her opinion. Chiu did not have a service contract for the VascuLight device after the first year of service. Chiu did not replace the calibration power meter that had been burned by the laser beam, as recommended by Lumenis's service representative, creating "the potential for the flash lamp tube to produce heat stress on the flash lamp light tube, thereby causing the flash lamp to break causing a loud noise or sound." More than a year later, the service representative was called out to service the machine because Chiu "was having consistent problems with calibrating the heads." The service representative noticed the water level in the machine was low, added water, and noticed that Chiu had still not replaced the calibration box. There was another call for a service representative because the machine was shutting down due to a cooling error problem with a head connector. The service representative found algae growth in the water. Ruther stated algae growth "is from lack of maintenance and could be caused by not changing the deionizing filter." She noted that the service performed on the machine was the result of problems with the machine and none of the calls for service were for preventive maintenance. The Epilight head is warranted for 15,000 shots, at which point it is recommended the head be replaced. The head had 16,679 shots on it as of the date Johnson was injured.

Judge Corey Cramin heard the motion for summary judgment. The court granted summary judgment in favor of defendant Laserlight Center. The court found plaintiff failed to present a triable issue of fact in the medical malpractice cause of action because she did not "present expert medical testimony regarding the issue of medical standard of care and causation." As to defendant Chiu, the court deemed the motion for summary judgment to be a motion for summary adjudication of issues and granted the motion as to the first cause of action, medical malpractice. The court found Chiu established that his conduct "did not fall below the standard of care in his care and treatment of plaintiff." The court stated it did not grant Chiu summary judgment because there remained the third cause of action against Chiu.

Chiu then filed an answer to the negligent maintenance cause of action and subsequently filed a motion for summary judgment on that cause of action. Judge Cramin heard this motion as well. The court sustained objections to a declaration submitted in support of the motion, found Chiu did not carry his initial burden of proof, and denied his motion for summary judgment.

It appears the case was sent to another judge for trial and Chiu then filed a motion in limine to dismiss the negligent maintenance cause of action. Judge Francisco Firmat heard and denied the motion. Chiu, dissatisfied with the decision, sought extraordinary relief from this court. This court summarily denied his petition.

When the matter appeared for trial in front of the Honorable B. Tam Nomoto Schumann, Chiu again sought dismissal of the action through an in limine motion, contending he had only one standard of care and that in granting his motion for summary adjudication of the medical malpractice cause of action the court found he met that standard. Chiu maintained the Supreme Court's decision in *Flowers, supra*, 8 Cal.4th 992, "precludes plaintiff from pursuing this matter by labeling the previously adjudicated cause of action as 'negligent maintenance.' " In summing up the parties' positions in the in limine motion, Judge Schumann stated, "Plaintiff is correct that [Judge Cramin], 'clearly excluded the issue of . . . Chiu's negligence related to the maintenance of the equipment,' " in granting Chiu summary adjudication on the medical malpractice cause of action. The court also acknowledged that Judge Cramin " 'never intended to dismiss the [negligent maintenance] action against . . . Chiu.' " The court then granted Chiu's in limine motion, resulting in a judgment in his favor. Johnson filed a timely notice of appeal.

## II

## DISCUSSION

■ A motion in limine is properly "made to exclude evidence before the evidence is offered at trial, on grounds that would be sufficient to object to or move to strike the evidence. The purpose of a motion in limine is 'to avoid the obviously futile attempt to "unring the bell" in the event a motion to strike is granted in the proceedings before the jury.' [Citations.]" (*Edwards v. Centex Real Estate Corp.* (1997) 53 Cal.App.4th 15, 26 [61 Cal.Rptr.2d 518], italics omitted.) "What in limine motions are *not* designed to do is to replace the dispositive motions prescribed by the Code of Civil Procedure." (*Amtower v. Photon Dynamics, Inc.* (2008) 158 Cal.App.4th 1582, 1593 [71 Cal.Rptr.3d 361].) "[M]otions in limine deal with *evidence*. May this particular document be admitted? May an expert witness testify to certain facts or conclusions? An in limine motion that seeks to exclude all evidence pertaining to part or all of a cause of action based on an argument that plaintiff lacks evidence to support part or all of the cause of action is but a disguised motion for summary adjudication." (*R & B Auto Center, Inc. v. Farmers Group, Inc.* (2006) 140 Cal.App.4th 327, 372 [44 Cal.Rptr.3d 426] (conc. opn. of Rylaarsdam, J.).) This case presents a textbook example of the inappropriate

use of in limine motions. (See *Amtower v. Photon Dynamics, Inc., supra*, 158 Cal.App.4th at p. 1594; *R & B Auto Center, Inc. v. Farmers Group, Inc., supra*, 140 Cal.App.4th at p. 371 (conc. opn. of Rylaarsdam, J.) ["To have the sufficiency of the pleading or the existence of triable issues of material fact decided in the guise of a motion in limine is a perversion of the process."].) However, as we stated above, the issue has not been preserved and has been withdrawn. (*K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc., supra*, 171 Cal.App.4th at pp. 948–949.)

The procedural issue notwithstanding, the trial court erred in granting Chiu judgment on his in limine motion. Chiu's motion in limine sought "dismissal of [Johnson's] sole remaining cause of action for negligent maintenance" on the ground that the medical malpractice cause of action had previously been dismissed and *Flowers, supra*, 8 Cal.4th 992, precludes a plaintiff from "labeling the previously adjudicated cause of action as 'negligent maintenance.' "

*Flowers* involved a patient brought into the emergency room of a hospital and placed on a gurney "to await further medical attention." (*Flowers, supra*, 8 Cal.4th at p. 995.) The nurse left one of the railings on the gurney down. Flowers fell asleep. She awoke and attempted to turn over, but fell off the gurney. (*Ibid.*) Flowers filed a complaint alleging " 'general negligence' and 'premises liability.' " (*Id.* at pp. 995–996.) The defendants moved for summary judgment. The parties submitted battling declarations of experts on the issue of whether it was negligent to leave a guardrail down on a gurney. "The trial court granted summary judgment in favor of defendants after finding that the declaration of plaintiff's expert witness was defective in several respects. Hence, defendants' evidence as to the applicable standard as well as their exercise of due care stood unrebutted, and no triable issue of material fact remained as to their negligence. The court denied plaintiff's motion for reconsideration." (*Id.* at p. 996.) The Court of Appeal, however, reversed. The majority concluded that while the "defendants had negated any 'professional negligence,' . . . [it] found the pleadings 'broad enough to encompass a theory of liability for ordinary as well as professional negligence' because the manner of [Flowers's] injury did not involve a breach of duty to provide professional skill or care. [Citations.]" (*Ibid.*, fn. omitted.)

The Supreme Court found "[t]he Court of Appeal majority erroneously premised their result on a perceived conceptual distinction between 'ordinary' and 'professional' negligence, which in their view differentiates separate and independent theories of liability *even when based on the same facts asserted*

*by the same plaintiff.*" (*Flowers, supra,* 8 Cal.4th at pp. 996–997, italics added.) The italicized language is key here for two reasons. First, in *Flowers,* the negligence—whether termed medical malpractice or general negligence—consisted of *one act*: the failure to raise a guardrail on the gurney. That is not the case in the present dispute.

Here, Johnson alleged Chiu committed medical malpractice when he "negligently and carelessly examined, cared for, followed up on, and treated [her], so as to proximately cause [her] injuries and damages." The negligent maintenance cause of action alleged Chiu was "responsible for the repair and maintenance of the laser machine and knew or should have known that the laser machine . . . if not properly repaired or maintained could cause damages to the user of the product." It further alleged the "negligent repair and maintenance of the laser machine" proximately caused her injuries.

Second, even if the allegations in the separately pled negligent mainte- nance and medical malpractice causes of action could be said to constitute but one cause of action for negligence, the evidence plaintiff offered in support of the negligent maintenance theory was not considered by the court when it granted summary adjudication on the medical malpractice cause of action (or when the trial court granted Chiu's in limine motion). In opposing Chiu's first summary judgment motion—filed at a time when only one cause of action (medical malpractice) was alleged against him—Johnson argued summary judgment was proper only if the moving party establishes there exists no triable issue of fact in *any* cause of action (Code Civ. Proc., § 437c, subd. (c)), that since Chiu filed his summary judgment motion the complaint had been amended to add Chiu as a defendant in the negligent maintenance cause of action, and there was evidence (Ruther's declaration) Chiu negli- gently maintained the laser system machine. It appears to have been for just that reason that Judge Cramin treated Chiu's summary judgment motion as a motion for summary adjudication on the medical malpractice cause of action, which the court granted because Johnson failed to present expert medical testimony. Moreover, when Chiu brought his second motion for summary judgment—this one seeking judgment on the remaining negligent mainte- nance cause of action—the court considered Johnson's evidence in support of her negligent maintenance theory and denied relief because Chiu did not establish that he was entitled to judgment as a matter of law.

■ *Flowers, supra,* 8 Cal.4th 992 did not compel judgment in favor of Chiu on his so-called in limine motion. Accordingly, we find the trial court erred in granting Chiu's "motion in limine" to dismiss the negligent mainte- nance cause of action.

III

## DISPOSITION

The judgment is reversed and the matter remanded for further proceedings consistent with this opinion. Plaintiff shall recover her costs on appeal.

Rylaarsdam, Acting P. J., and Aronson, J., concurred.