Filed 1/16/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TERENCE A. KILKER et al., | |
| Plaintiffs and Respondents, | G048473 |
| v. | (Super. Ct. No. 30-2008-00106524) |
| FRANK C. STILLMAN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Franz E. Miller, Judge. Reversed. Request for judicial notice. Granted in part and denied in part.

Law Offices of Jefford C. Davis and Jefford C. Davis for Defendant and Appellant.

Rutan & Tucker and Thomas S. Salinger for Plaintiffs and Respondents.

\*          \*          \*

INTRODUCTION

Following the entry of a judgment in favor of plaintiffs Terence A. Kilker and Paula J. Kilker (the Kilkers) and against defendant Frank C. Stillman, the trial court ordered Stillman to produce documents regarding his assets to the Kilkers. After Stillman failed to comply with that order, the trial court found Stillman in contempt and ordered, inter alia, that Stillman pay the Kilkers reasonable attorney fees and costs, plus interest. The underlying judgment was eventually satisfied.

To collect on the attorney fees and costs award, the Kilkers served a writ of execution on Preferred Bank to levy funds in Stillman's bank account. Stillman submitted a claim of exemption to the writ. He asserted the funds in the account were Social Security payments exempt from levy under 42 United States Code section 407. The Kilkers opposed Stillman's claim of exemption, arguing that under Code of Civil Procedure section 704.080, only Social Security funds directly deposited into a bank account by the government are protected by the exemption. (All further statutory references are to the Code of Civil Procedure unless otherwise specified.) The trial court found Stillman's bank account at Preferred Bank solely contained Social Security payments, but, nevertheless, denied Stillman's exemption claim. The court did so because those funds were not directly deposited into the bank account by the government. The court's conclusion was legally erroneous because Stillman's Social Security payments are protected by federal law from levy.

Accordingly, we reverse. Federal law protects Social Security funds from "execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." (42 U.S.C. § 407(a).) It is undisputed Stillman's bank account at Preferred Bank solely contained Social Security payments. The exemption under 42 United States Code section 407(a) thus applied to the Social Security payments in the Preferred Bank account.

The authorities, relied on by the Kilkers, do not eliminate this protection of Social Security payments.  True, under section 704.080, subdivision (b), a judgment debtor, who receives Social Security payments by direct deposit, does not need to prove that the funds are exempt (up to certain amounts).  Section 704.080, by providing such automatic exemption for direct deposit amounts, provides *additional* protection to Social Security payments that are directly deposited.  But neither section 704.080, nor any other legal authority cited by the parties, supports the interpretation that section 704.080, subdivision (b) eliminates the availability of the 42 United States Code section 407(a) exemption as to Social Security payments that are not directly deposited into a bank account.

Read together, these statutes make perfect sense:  If funds are directly deposited by the government, there is no need to trace their source.  If they are not directly deposited, the judgment debtor may claim exemption from levy but must prove such funds were Social Security payments.  Stillman met that requirement.

BACKGROUND

I.

JUDGMENT IS ENTERED AGAINST STILLMAN.

In 2000, the Kilkers hired Curcies Coordinated Construction, Inc. (Curcies), to build a swimming pool on their property.  Curcies, in turn, hired Stillman to provide soil testing in connection with the pool's construction.  Stillman prepared a soils report, and Curcies built the pool.  In 2008, the Kilkers sued Curcies, Stillman, and others for damages they sustained after the mastic seal of the pool separated.  The Kilkers and Stillman entered into a settlement agreement whereby Stillman agreed to pay the Kilkers $92,500.  After Stillman failed to timely pay the settlement amount, the trial court entered judgment in favor of the Kilkers and against Stillman in the amount of $92,500.

# I.

## THE KILKERS' EFFORTS TO EXECUTE ON THE JUDGMENT

On July 15, 2010, Stillman was ordered to provide the Kilkers' counsel with certain documents on or before August 6 (the July 15 order), a few days before Stillman's judgment debtor examination scheduled for August 10.[1]  Stillman did not produce the documents.

The Kilkers attempted to collect on the judgment by levying on Stillman's bank account at Union Bank.  The trial court denied Stillman's claim of exemption from execution of the funds contained in that account.  Stillman appealed from that order and this court dismissed the appeal due to Stillman's failure to timely designate the record.

The Kilkers also attempted to collect on the judgment by levying on real property referred to as the Railroad Street property.  Shortly before the date that had been noticed for the sheriff's sale of the Railroad Street property, Luis Arriaga, as successor trustee of the Walla Walla Group Trust, an irrevocable trust, tendered a third party claim to the sheriff, asserting that the trust owned the Railroad Street property.  The sheriff's sale was cancelled.

The Kilkers filed a petition to establish the invalidity of the trust's third party claim, in which they asserted Stillman's transfer of the Railroad Street property to the trust in 2004 constituted a fraudulent conveyance under the Uniform Fraudulent Transfer Act (Civ. Code, § 3439 et seq.).

Following a bench trial, the court found the trust's third party claim to the Railroad Street property invalid.  This court affirmed the judgment in favor of the

---

[1]  Stillman appealed from the July 15 order.  A panel of this court granted the Kilkers' motion to dismiss the appeal on the ground "[t]he July 15, 2010 postjudgment discovery order is not appealable because it is an interim discovery order."  In this appeal, Stillman neither challenges the July 15 order itself, nor the trial court's contempt findings and attorney fees and costs award in favor of the Kilkers following Stillman's failure to comply with that order.

4

Kilkers, holding that substantial evidence showed Stillman transferred the Railroad Street property to the trust with the actual intent to hinder, delay, or defraud any creditor, within the meaning of Civil Code section 3439.04. (*Kilker v. Stillman* (Nov. 26, 2012, G045813) [nonpub. opn.].)

III.

THE TRIAL COURT FINDS STILLMAN IN CONTEMPT FOR VIOLATING THE JULY 15 ORDER AND AWARDS THE KILKERS ATTORNEY FEES AND COSTS, PLUS INTEREST.

In March 2011, a trial was held to determine whether Stillman should be found in contempt for violating the July 15 order. The court found beyond a reasonable doubt that Stillman was aware of the July 15 order requiring him to produce documents to the Kilkers' counsel and that Stillman willfully failed to comply with that order. Stillman was found in contempt of court pursuant to section 1209, subdivision (a)(5). The court imposed a $1,000 fine, a five-day sentence in the Orange County jail, and placed Stillman on three years' probation. (The imposition of the five-day jail sentence was stayed pending Stillman's successful completion of the terms of his probation, which included Stillman's production of all documents he was previously ordered to provide to the Kilkers' counsel.) The court also ordered Stillman to pay the Kilkers reasonable attorney fees and costs that they had incurred in connection with the contempt proceedings, which were later determined to be in the amount of $38,298.50, plus interest.

IV.

THE TRIAL COURT DENIES STILLMAN'S EXEMPTION CLAIM AS TO THE PREFERRED BANK ACCOUNT CONTAINING SOCIAL SECURITY FUNDS; STILLMAN APPEALS.

At a point in time not specified in the record, the Kilkers recovered from Stillman the full amount awarded to them under the judgment. The Kilkers attempted to collect the attorney fees and costs award by serving a writ of execution on Preferred

5

Bank, in an effort to levy $42,545.52[2] of the total amount of $63,576.98 contained in Stillman's bank account. Stillman submitted a claim of exemption on the ground that all the funds in that bank account were Social Security payments and thus were exempt from levy under 42 United States Code section 407(a).

The Kilkers filed an opposition to Stillman's exemption claim, in which they argued (1) the funds were not exempt from levy because they were not directly deposited by "the government or its agent" within the meaning of section 704.080, subdivision (a)(1), and no evidence showed otherwise; (2) the funds in the account were not used by Stillman for living expenses (as evidenced by Stillman's testimony at his judgment debtor examination that the Walla Walla Group Trust he created paid his expenses); and (3) Stillman did not meet his burden of establishing that all the funds in the levied Preferred Bank account were exempt Social Security payments.

At the hearing on the exemption claim, the trial court rejected the Kilkers' final argument, stating: "I agree you look at the numbers, it's pretty clear that everything in that account is Social Security money. I agree with that." Nevertheless, the court denied Stillman's exemption claim. The trial court set forth its rulings in an order, dated March 21, 2013, as follows:

"(1) The funds executed upon in the Preferred Bank bank account are not exempt from execution pursuant to Code of Civil Procedure § 704.080 because the funds were not 'directly deposited by the government or its agent' into that account;

"(2) Stillman has not presented any evidence or law that California Code of [Civil] Procedure § 704.080, specifically the requirement for 'direct deposit' set forth in that statute, is preempted by 42 U.S.C. § 407(a) or any cases interpreting or applying the federal statutory scheme;

---

[2] The $42,545.52 amount reflects the amount of the attorney fees and costs awarded, plus interest; Stillman does not dispute that calculation.

6

"(3) Further, the purpose of exempting social security benefits from levy or attachment pursuant to 42 U.S.C. § 407(a) would not be served in this instance since there is ample evidence before this Court that Stillman does not utilize or need his social security payments for his living expenses; and, under the circumstances, Stillman is estopped from invoking the protection for social security payments afforded by 42 U.S.C. § 407(a); and

"(4) Finally, Stillman has acted improperly by taking certain steps to try and ensure that the Plaintiffs do not recover on their judgment or on the fees and costs ordered payable to Plaintiffs by this Court as sanctions. This improper conduct by Stillman is an additional reason why he should not benefit from the protection for social security payments provided by 42 U.S.C. § 407(a) and Code of Civil Procedure § 704.080."

The trial court also denied Stillman's counsel's request to stay enforcement of the order, pending appeal, and directed the levying officer to "immediately forward any such funds in its possession which were levied upon by Plaintiffs Terence A. and Paula J. Kilker to the attorney for Plaintiffs, Rutan & Tucker, LLP . . . . Further if the funds levied upon are still in the possession of Preferred Bank, the Los Angeles County [Sheriff]'s Department shall take all steps necessary to ensure that the writ of execution is enforced and any funds held by Preferred Bank for the benefit of Frank C. Stillman, to the full extent of the amount levied upon (plus daily interest from the date the writ of execution was issued and all recoverable costs of execution) are forwarded to Plaintiffs' counsel at the address set forth above."

Stillman appealed from the order.[3]

---

[3] An order granting or denying a claim of exemption is appealable. (§ 703.600; *Schwartzman v. Wilshinsky* (1996) 50 Cal.App.4th 619, 626.)

7

REQUEST FOR JUDICIAL NOTICE

The Kilkers filed a request for judicial notice pursuant to Evidence Code sections 452, subdivision (h), 453, and 459, and former rule 8.252 of the California Rules of Court, in which they requested that this court judicially notice (1) a page from Preferred Bank's Web site, showing that Preferred Bank is a state chartered bank, not a federal savings institution to which the Home Owners' Loan Act (12 U.S.C. § 1461 et seq.) applies; and (2) certain pages from the official Web site of the United States Social Security Administration, showing that as of March 1, 2013, the Social Security Administration required all recipients of Social Security funds to receive payments via electronic transfer. Stillman did not oppose the Kilkers' request.

We deny the Kilkers' request as to the Preferred Bank's Web site because even if the proffered document is a proper object of judicial notice, it is immaterial to the issues addressed in this opinion. Stillman did not argue that the Home Owners' Loan Act preempted the California statutes governing the enforcement of money judgments in the trial court, the trial court did not make any ruling on that issue, and we do not address that issue in this opinion. Pursuant to Evidence Code sections 452, subdivision (c) and 459, we grant the Kilkers' request as to the pages from the official Social Security Administration's Web site.

DISCUSSION

I.

STANDARD OF REVIEW AND RULES OF STATUTORY CONSTRUCTION

The trial court found that the Preferred Bank account solely contained funds derived from Social Security payments received by Stillman and that those funds were *not* directly deposited into that account by the government, neither of which

8

findings the parties dispute.[4]  Accordingly, our analysis of the order denying Stillman's exemption claim depends on our interpretation of 42 United States Code section 407 and sections in the Code of Civil Procedure, addressing the enforcement of money judgments by levying bank accounts.  "We review de novo the issues of the application of a statutory exemption to undisputed facts [citation], and interpretation of the statutes [citation]."  (*Sourcecorp., Inc. v. Shill* (2012) 206 Cal.App.4th 1054, 1058.)

In *Martinez v. Combs* (2010) 49 Cal.4th 35, 51, the California Supreme Court stated:  "'[O]ur fundamental task in construing a statute is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute.' [Citation.]  In this search for what the Legislature meant, '[t]he statutory language itself is the most reliable indicator, so we start with the statute's words, assigning them their usual and ordinary meanings, and construing them in context.  If the words themselves are not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning governs.  On the other hand, if the language allows more than one reasonable construction, we may look to such aids as the legislative history of the measure and maxims of statutory construction.  In cases of uncertain meaning, we may also consider the consequences of a particular interpretation, including its impact on public policy.'"

## II.

### SOCIAL SECURITY PAYMENTS ARE EXEMPT FROM ENFORCEMENT OF MONEY JUDGMENT PROCEDURES IF THE DEBTOR CLAIMS THE EXEMPTION AND PROVES THAT FUNDS SOUGHT TO BE LEVIED ARE SOCIAL SECURITY PAYMENTS.

"As a general rule, all property of a judgment debtor is subject to enforcement of a money judgment.  [Citations.]  The California Constitution, however,

---

[4]  Although the Kilkers argued in the trial court that Stillman had failed to prove the Preferred Bank account contained only Social Security payments, they do not challenge the court's finding on that point on appeal.

9

requires the Legislature to protect 'a certain portion' of a debtor's property from forced sale. (Cal. Const., art. XX, § 1.5.) The purpose of this requirement is to protect enough of the debtors' property from enforcement to enable them to support themselves and their families, and to help shift the cost of social welfare for debtors from the community to judgment creditors. [Citations.] [¶] To that end, California has enacted a 'comprehensive and precisely detailed scheme' governing enforcement of money judgments. [Citations.] The kinds and degrees of property exempt from levy are described in [Code of Civil Procedure] sections 704.010 through 704.210. These provisions relate to property of the debtor that would ordinarily be subject to enforcement of a money judgment by execution or otherwise, but for the statute allowing the debtor to retain all or part of it to protect himself and his family. These exemptions are wholly statutory and cannot be enlarged by the courts. [Citations.] And although the burden of proof lies with the party claiming the exemption, exemption statutes are generally construed in favor of the debtor." (*Kono v. Meeker* (2011) 196 Cal.App.4th 81, 86.)

In addition to the exemptions set forth in sections 704.010 through 704.210, "[a]dditional exemptions are provided by other California statutes and by federal law." (Ahart, Cal. Practice Guide: Enforcing Judgments and Debts (The Rutter Group 2014) ¶ 6:821, p. 6E-1 (rev. # 1, 2013).) As pertinent to this case, Social Security payments are exempt from execution or levy under 42 United States Code section 407(a), which provides: "In general. The right of any person to any future payment under this subchapter [(which includes a portion of the Social Security Act)] shall not be transferable or assignable, at law or in equity, *and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law*." (Italics added; see *Conservatorship of Lambert* (1983) 143 Cal.App.3d 239, 242 [title 42 United States Code section 407 "immunizes social security income from 'execution, levy, attachment, garnishment, or other legal process'"]; *Lopez v. Washington*

10

*Mut. Bank, FA* (9th Cir. 2002) 302 F.3d 900, 903 ["Section 407(a) was designed 'to protect social security beneficiaries and their dependents from the claims of creditors.'"].)

Section 703.030, subdivision (a) provides: "An exemption for property that is described in this chapter[5] *or in any other statute as exempt* may be claimed within the time and in the manner prescribed in the applicable enforcement procedure. If the exemption is not so claimed, the exemption is waived and the property is subject to enforcement of a money judgment." (Italics added.)

"[A] fund that is exempt remains exempt to the extent that it can be traced into deposit accounts or in the form of cash or its equivalent." (§ 703.080, subd. (a).) "The exemption claimant has the burden of tracing an exempt fund." (§ 703.080, subd. (b).)

### III.

#### STILLMAN CLAIMED THE EXEMPTION AND PROVED THAT THE PREFERRED BANK ACCOUNT SOLELY CONTAINED SOCIAL SECURITY CHECKS THAT HE DEPOSITED INTO THE ACCOUNT; STILLMAN'S CLAIM OF EXEMPTION AS TO THE PREFERRED BANK ACCOUNT SHOULD HAVE BEEN GRANTED.

In response to the Kilkers' writ of execution on Preferred Bank to levy funds contained in his account, Stillman submitted a claim of exemption to the writ, asserting the account solely contained Social Security payments which were exempt from levy under 42 United States Code section 407. In their respondents' brief, the Kilkers acknowledge: "The checks and deposit slips attached to Stillman's Claim of Ex[em]ption show that the social security payments for which he offered documentary proof were paid from the end of 2010 to the end of 2012; and these funds were deposited into various bank accounts. . . . Those funds were ultimately deposited into the Preferred Bank

---

    5 Section 703.030 is in article 1 (General Provisions) of chapter 4 (Exemptions) of division 2 (Enforcement of Money Judgments) of title 9 (Enforcement of Judgments) of part 2 of the Code of Civil Procedure. Chapter 4 contains sections 703.010 through 704.995.

11

account at issue . . . starting in October 2011." The Kilkers do not dispute that the Preferred Bank account solely contained funds derived from Social Security checks Stillman received before the March 1, 2013 deadline requiring Social Security payments only be received through direct deposit.[6]

The trial court found that the Preferred Bank account solely contained Social Security payments. Those funds were therefore exempt from levy under 42 United States Code section 407, and the trial court therefore erred by denying Stillman's claim of exemption.

IV.

THE TRIAL COURT'S DENIAL OF STILLMAN'S CLAIM OF EXEMPTION WAS BASED ON AN INCORRECT INTERPRETATION OF SECTION 704.080 AS LIMITING THE AVAILABILITY OF EXEMPTION STATUS UNDER 42 UNITED STATES CODE SECTION 407 ONLY TO SOCIAL SECURITY PAYMENTS DIRECTLY DEPOSITED BY THE GOVERNMENT INTO A BANK ACCOUNT.

In opposition to Stillman's claim of exemption as to the Preferred Bank account, the Kilkers argued that section 704.080 limited the availability of the exemption of Social Security payments to only those Social Security payments directly deposited by the government into a deposit account. Applying the Kilkers' interpretation of section 704.080, the trial court denied Stillman's claim of exemption.

Section 704.080, subdivision (b) provides an *automatic* exemption (eliminating the requirement that the debtor prove the character of the funds as Social Security payments) for statutorily specified amounts contained in deposit accounts into which the government has directly deposited Social Security payments. Neither

---

[6] The Kilkers' request for judicial notice includes pages from the official Web site of the Social Security Administration, which include the statement: "Effective May 1, 2011, applicants filing for Social Security and Supplemental Security Income (SSI) benefit payments must choose either direct deposit or the Direct Express® debit card. Currently entitled beneficiaries and recipients receiving payment by check will have until March 1, 2013 to switch to direct deposit or the Direct Express® debit card."

section 704.080, nor any other legal authority, supports the conclusion that funds proven to be solely derived from Social Security payments that were not directly deposited into a deposit account by the government have somehow lost their federally mandated exemption status.

Section 703.030, subdivision (b) provides: "Except as otherwise specifically provided by statute, property that is described in this chapter or in any other statute *as exempt without making a claim is not subject to any procedure for enforcement of a money judgment*." (Italics added.) The phrase "exempt without making a claim" is contained in section 704.080, subdivision (b), which provides a deposit account, defined in section 704.080, subdivision (a)(1) as "a deposit account in which payments of public benefits or social security benefits are directly deposited by the government or its agent," is exempt without making a claim "in the following [specified] amount[s]" (§ 704.080, subd. (b)).

Subdivision (c) of section 704.080 provides: "The amount of a deposit account that exceeds the exemption provided in subdivision (b) is exempt to the extent that it consists of payments of public benefits or social security benefits." In determining whether the amount in the deposit account, which exceeds the exemption provided in section 704.080, subdivision (b), is exempt, "the judgment debtor has the burden of proving that the excess amount is exempt." (§ 704.080, subd. (e)(4).)

Thus, the "amount of a deposit account that exceeds the exemption provided in [section 704.080,] subdivision (b)" (§ 704.080, subd. (c)) is not treated as consisting of exempt Social Security payments *unless the judgment debtor proves they constitute Social Security payments*. Because Stillman proved the entire contents of the Preferred Bank account constituted Social Security payments, those funds are protected by the statutory exemption.

As so understood, section 704.080 does not conflict with 42 United States Code section 407. In addition, nothing shows Congress, by enacting 42 United States

13

Code section 407, intended to implicitly preempt the California statutory scheme for the enforcement of money judgments. We therefore reject Stillman's argument that 42 United States Code section 407 preempts section 704.080.

V.

STILLMAN IS NOT ESTOPPED FROM INVOKING THE EXEMPTION PROTECTION OF 42 UNITED STATES CODE SECTION 407(a) BECAUSE HE FAILED TO SHOW A NEED FOR THE SOCIAL SECURITY PAYMENTS.

In denying Stillman's exemption claim, the trial court stated, "the purpose of exempting social security benefits from levy or attachment pursuant to 42 U.S.C. § 407(a) would not be served in this instance since there is ample evidence before this Court that Stillman does not utilize or need his social security payments for his living expenses; and, under the circumstances, Stillman is estopped from invoking the protection for social security payments afforded by 42 U.S.C. § 407(a)."

Title 42 United States Code section 407(a) does not condition the exemption on a showing of need for Social Security benefits. Neither section 704.080, nor any other California statute cited by the parties, provides for such an exception to the rule that Social Security funds are exempt from a writ of execution and levy. The trial court therefore erred by denying Stillman's exemption claim on the ground Stillman was not using his Social Security payments and thus did not need them.

VI.

STILLMAN'S ALLEGED IMPROPER CONDUCT DURING THE COURSE OF THE KILKERS' EFFORTS TO COLLECT ON THE JUDGMENT AND ON COURT-ORDERED SANCTIONS DOES NOT RENDER THE EXEMPTION PROTECTION OF 42 UNITED STATES CODE SECTION 407 UNAVAILABLE.

The trial court stated, in denying Stillman's exemption claim, that "Stillman has acted improperly by taking certain steps to try and ensure that the Plaintiffs do not recover on their judgment or on the fees and costs ordered payable to Plaintiffs by this Court as sanctions. This improper conduct by Stillman is an additional reason why he

14

should not benefit from the protection for social security payments provided by 42 U.S.C. § 407(a) and Code of Civil Procedure § 704.080." Although we appreciate the challenges the Kilkers have had in attempting to first collect on the judgment, and then collect the attorney fees and costs award, no legal authority has been cited by any party or by the trial court, which vests the trial court with discretion whether to enforce 42 United States Code section 407 on such grounds.

DISPOSITION

The order is reversed. Appellant shall recover costs on appeal.

FYBEL, J.

WE CONCUR:

MOORE, ACTING P. J.

ARONSON, J.

15