Filed 9/23/16; pub. order 10/18/16 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE


| | |
|---|---|
| MANUEL NAVA, | |
| Plaintiff and Appellant, | G052218 |
| v. | (Super. Ct. No. 30-2014-00706007) |
| SADDLEBACK MEMORIAL MEDICAL CENTER et al., | O P I N I O N |
| Defendants and Respondents. | |


Appeal from judgments of the Superior Court of Orange County, Geoffrey T. Glass, Judge.  Affirmed.  Motion to take judicial notice.  Denied.

John A. Bunnett for Plaintiff and Appellant.

Haight Brown & Bonesteel, Angela S. Haskins and Vangi M. Johnson for Defendant and Respondent Saddleback Memorial Medical Center.

Phillip Hack & Associates, Phillip L. Hack and Constance A. Smith for Defendant and Respondent Herren Enterprises, Inc.

\*          \*          \*

Manuel Nava was injured while a patient at Saddleback Memorial Medical Center (Saddleback). His injury occurred while he was being transported in the hospital on a gurney. Nava filed a complaint sounding in negligence against Saddleback and an ambulance service, Herren Enterprises, Inc. (Herren). The complaint was filed more than one year, but less than two years, after his injury. Both Saddleback and Herren filed motions for summary judgment, contending that the complaint was time-barred under Code of Civil Procedure section 340.5 (section 340.5), which imposes a one-year statute of limitations when an injury is caused by the professional negligence of a health care provider. The trial court granted the motions.

Recently, the California Supreme Court held that section 340.5 applies when negligence occurs in the use or maintenance of medical equipment or premises while medical care is being provided to the plaintiff. (*Flores v. Presbyterian Intercommunity Hospital* (2016) 63 Cal.4th 75 (*Flores*).) Applying the holding of *Flores* to this case, we conclude that Nava's claims were barred by section 340.5's statute of limitations. The transfer of Nava in the hospital on a gurney was integrally related to Nava's medical treatment or diagnosis, and, therefore, the injury occurred in the rendering of professional services.

We affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On February 23, 2012, Nava, while a patient at Saddleback, was being transferred on a gurney. The gurney tipped and Nava fell to the ground.[1] Soon after, Nava began to feel pain; he was diagnosed with fractures of the clavicle and patella.

---

[1] It is unclear whether the fall occurred while Nava was being transferred from the gurney to an examination table in the radiology department, or while he was being transferred from the gurney to an ambulance at the hospital. This is not a material factual distinction for purposes of this appeal.

On February 20, 2014, Nava filed a complaint against Saddleback and Herren, alleging causes of action for personal injury, negligence, and premises liability. Saddleback and Herren filed separate motions for summary judgment, both alleging Nava's claims were barred by the applicable statute of limitations.

In May 2015, the trial court entered orders granting the motions for summary judgment. On that same day, the court entered judgment in favor of Saddleback.

No judgment was ever entered in favor of Herren. During the pendency of this appeal, we invited supplemental briefing from the parties as to why the appeal against Herren should not be dismissed for lack of jurisdiction. None of the parties responded to our invitation.

Our review of the register of actions shows that Herren submitted a proposed judgment to the trial court on three separate occasions. Two times, the court rejected the documents for filing for failure to include a proof of service. The other document, a proposed order granting summary judgment combined with a proposed judgment, was rejected because a judgment alone was required. It is abundantly clear that the failure to obtain a valid judgment rests squarely on Herren.

Herren nevertheless participated fully in this appeal, and its rights have been fully protected. All issues in Nava's appeal from the judgment in favor of Saddleback would also be issues in an appeal from a judgment in favor of Herren. In the interests of justice and to avoid delay and the waste of judicial resources, we invoke our discretionary saving power to deem the order granting summary judgment in favor of Herren to incorporate a judgment, and treat Nava's appeal as having been taken from the

---

Herren disputes that any of its personnel were involved in transporting Nava on the February 23, 2012. For purposes of the motion for summary judgment, however, Herren accepted as true Nava's allegations.

3

judgment.  (*Levy v. Skywalker Sound* (2003) 108 Cal.App.4th 753, 761-762, fn. 7; *Avila v. Standard Oil Co.* (1985) 167 Cal.App.3d 441, 445.)

DISCUSSION

We review orders granting summary judgment de novo.  (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 767; *Village Nurseries v. Greenbaum* (2002) 101 Cal.App.4th 26, 35.)  A motion for summary judgment is properly granted if the moving papers establish there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law.  (Code Civ. Proc., § 437c, subd. (c); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843.)  "'The moving party bears the burden of showing the court that the plaintiff "has not established, and cannot reasonably expect to establish, a prima facie case . . . ." [Citation.]' [Citation.]  '[O]nce a moving defendant has "shown that one or more elements of the cause of action, even if not separately pleaded, cannot be established," the burden shifts to the plaintiff to show the existence of a triable issue; to meet that burden, the plaintiff "may not rely upon the mere allegations or denials of its pleadings . . . but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to that cause of action . . . ." [Citations.]' [Citation.]"  (*Lyle v. Warner Brothers Television Productions* (2006) 38 Cal.4th 264, 274.)  We ""'"liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party."'"  (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1039.)  Additionally, issues of interpretation of statutes are reviewed de novo.  (*Kilker v. Stillman* (2015) 233 Cal.App.4th 320, 329.)

An action for personal injury "caused by the wrongful act or neglect of another" is generally subject to a two-year statute of limitations.  (Code Civ. Proc., § 335.1.)  A one-year statute of limitations applies, however, when the injury is caused by the professional negligence of a health care provider:  "In an action for injury or death against a health care provider based upon such person's alleged professional negligence,

4

the time for the commencement of action shall be . . . one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury . . . . [¶] For the purposes of this section:  [¶] . . . [¶] (2) 'Professional negligence' means a negligent act or omission to act by a health care provider in the rendering of professional services, which act or omission is the proximate cause of a personal injury or wrongful death, provided that such services are within the scope of services for which the provider is licensed and which are not within any restriction imposed by the licensing agency or licensed hospital."  (§ 340.5.)

Section 340.5 was part of the Medical Injury Compensation Reform Act of 1975 (Stats. 1975, 2d Ex. Sess. 1975-1976, chs. 1, 2, pp. 3949-4007), which the Legislature enacted "in response to a medical malpractice insurance 'crisis,' which it perceived threatened the quality of the state's health care.  [Citation.] . . . Accordingly, MICRA [(Medical Injury Compensation Reform Act of 1975)] includes a variety of provisions all of which are calculated to reduce the cost of insurance by limiting the amount and timing of recovery in cases of professional negligence."  (*Western Steamship Lines, Inc. v. San Pedro Peninsula Hospital* (1994) 8 Cal.4th 100, 111.)

Recently, in *Flores*, *supra*, 63 Cal.4th at page 84, the California Supreme Court considered "whether negligence in the use or maintenance of hospital equipment or premises qualifies as professional negligence subject to the special statute of limitations in section 340.5."[2]  In response to our invitation, the parties filed supplemental letter briefs addressing the impact of *Flores* on this case.  In *Flores*, the plaintiff was a patient of the defendant hospital.  (*Id.* at p. 79.)  After evaluating the plaintiff's medical

---

[2]  In his motion to take judicial notice of the Supreme Court docket for *Flores*, Nava argued that docket was relevant to the present appeal because "the issues in *Flores v. Presbyterian Intercommunity Hospital* entail a determination of the meaning of the term 'professional negligence' common in this case."  Because the Supreme Court has issued its opinion in *Flores*, the docket for the case is no longer relevant for purposes of showing what issues the case might address.  Therefore, we deny Nava's motion to take judicial notice.

condition, her doctor ordered that her bedrail be raised. (*Ibid.*) The latch on the bedrail failed and the rail collapsed, causing the plaintiff to fall to the floor. (*Ibid.*) Less than two years later, the plaintiff sued the defendant hospital for general negligence and premises liability. (*Id.* at pp. 79-80.) The trial court sustained the defendant hospital's demurrer, finding that the plaintiff's action was not filed within the one-year limitations period for professional negligence actions pursuant to Code of Civil Procedure section 340.5. (*Flores*, *supra*, at p. 80.) The Court of Appeal reversed, concluding the defendant hospital's "alleged failure to use reasonable care in maintaining its premises and its alleged failure to take reasonable precautions to make a dangerous condition safe 'sounds in ordinary negligence because the negligence did not occur in the rendering of professional services.'" (*Ibid.*)

In *Flores*, the California Supreme Court rejected both the plaintiff's argument that "professional services" as used in section 340.5, subdivision (2) means "'services involving a job requiring a particularized degree of medical skill'" (*Flores*, *supra*, 63 Cal.4th at p. 84), and the defendant hospital's argument that "any failure to use reasonable care in maintaining its equipment or premises occurs in the rendering of services for which it is licensed, and therefore sounds in professional, rather than ordinary, negligence" (*id.* at p. 85).

The Supreme Court in *Flores* held that the applicable statute of limitations in a particular case is determined by considering whether the negligently maintained equipment is related to medical care: "[W]e conclude that whether negligence in maintaining hospital equipment or premises qualifies as professional negligence depends on the nature of the relationship between the equipment or premises in question and the provision of medical care to the plaintiff. A hospital's negligent failure to maintain equipment that is necessary or otherwise integrally related to the medical treatment and diagnosis of the patient implicates a duty that the hospital owes to a patient by virtue of being a health care provider. Thus, if the act or omission that led to the plaintiff's

6

injuries was negligence in the maintenance of equipment that, under the prevailing standard of care, was reasonably required to treat or accommodate a physical or mental condition of the patient, the plaintiff's claim is one of professional negligence under section 340.5. But section 340.5 does not extend to negligence in the maintenance of equipment and premises that are merely convenient for, or incidental to, the provision of medical care to a patient. Arguably every part of a hospital's plant would satisfy such a standard, since the medical care of patients is, after all, the central purpose for which any hospital is built. [Citation.] Even those parts of a hospital dedicated primarily to patient care typically contain numerous items of furniture and equipment—tables, televisions, toilets, and so on—that are provided primarily for the comfort and convenience of patients and visitors, but generally play no part in the patient's medical diagnosis or treatment. Although a defect in such equipment may injure patients as well as visitors or staff, a hospital's general duty to keep such items in good repair generally overlaps with the 'obligations that all persons subject to California's laws have' [citation], and thus will not give rise to a claim for professional negligence. If, for example, a chair in a waiting room collapses, injuring the person sitting in it, the hospital's duty with respect to that chair is no different from that of any other home or business with chairs in which visitors may sit. Section 340.5's special statute of limitations does not apply to a suit arising out of such an injury." (*Flores*, *supra*, 63 Cal.4th at pp. 88-89.)

Applying its analysis to the facts in that case, the Supreme Court in *Flores* concluded that section 340.5's statute of limitations applied to the plaintiff's claims because the plaintiff's doctor had ordered that the rail on her bed be raised, based on a medical assessment of her condition. (*Flores*, *supra*, 63 Cal.4th at p. 89.) Because the negligence in the maintenance or use of the bedrail was integrally related to the plaintiff's medical diagnosis and treatment, the negligence occurred "'in the rendering of professional services'" and was subject to the statute of limitations set forth in section 340.5, subdivision (2). (*Flores*, *supra*, at p. 89.)

7

Applying the analysis and conclusion of *Flores* to this case, we conclude that the alleged negligence in the use or maintenance of the gurney from which Nava fell was integrally related to his medical diagnosis or treatment. Whether the fall occurred while Nava was being transferred from the gurney to an X-ray table in the radiology department, or from the gurney to an ambulance, such a transfer must have been made subject to a medical professional's directive. Nava concedes as much in his opening appellate brief.[3] Therefore, the negligence occurred in the rendering of professional services, and the one-year statute of limitations in section 340.5 applied. There are no disputed issues of material fact as to the date on which Nava's injury occurred, or that the complaint was filed more than one year later. Nava's claims were barred by the applicable statute of limitations, and the trial court properly granted the motions for summary judgment.

Nava cites *Johnson v. Chiu* (2011) 199 Cal.App.4th 775 for the proposition that his first cause of action for premises liability should be analyzed differently from his cause of action for personal injury or general negligence. That case is inapposite. In *Johnson v. Chiu*, the plaintiff sued for medical malpractice in the use of a laser machine for skin treatment, as well as negligent maintenance of the laser machine. (*Id.* at pp. 777-778.) The trial court granted a motion for summary adjudication of the malpractice claim because the plaintiff had failed to offer expert medical evidence regarding the standard of care and causation. (*Id.* at p. 779.) Before trial started on the negligent maintenance cause of action, the defendant filed a motion in limine to dismiss

_____

[3] "[I]n the case at bar, Mr. Nava was apparently properly medically assessed and it was determined to transport him by a gurney. . . . [¶] . . . [¶] Mr. Nava's case presents at a time after the professional medical assessment was made. Mr. Nava does not accuse Saddleback Memorial Medical Center of negligence in deciding he needed to be transported on the gurney. The medical decision was made to transfer him and Mr. Nava does not allege that this medical decision was negligently rendered. Once the decision was made, however, the boundary was crossed from professional negligence to ordinary negligence."

8

the case, on the ground the same standard of care applied to both causes of action, and he had proven he met the standard of care on the malpractice claim. (*Id.* at p. 780.)[4] The trial court granted the motion in limine; this appellate court reversed, concluding that the standards of care for medical malpractice and negligent maintenance of a medical device were not the same. (*Id.* at p. 782.) The court distinguished *Flowers v. Torrance Memorial Hospital Medical Center* (1994) 8 Cal.4th 992, in which the California Supreme Court had held there was not a difference between professional negligence and ordinary negligence when all the claims were based on the same set of facts—that a bedrail had been left down on a gurney in the emergency room, and the plaintiff had rolled off and been injured. (*Johnson v. Chiu*, *supra*, at pp. 781-782.) *Johnson v. Chiu* does not address section 340.5, or the meaning of "professional services."

We need not address the pre-*Flores* cases cited by the parties in their briefs regarding the meaning of "professional negligence" for purposes of section 340.5. (See, e.g., *Gin Non Louie v. Chinese Hospital Assn.* (1967) 249 Cal.App.2d 774; *Gopaul v. Herrick Memorial Hosp.* (1974) 38 Cal.App.3d 1002; *Murillo v. Good Samaritan Hospital* (1979) 99 Cal.App.3d 50; *Flowers v. Torrance Memorial Hospital Medical Center*, *supra*, 8 Cal.4th 992; *Bellamy v. Appellate Department* (1996) 50 Cal.App.4th 797.) In light of the Supreme Court's holding in *Flores*, which governs this case, these cases do not provide any further insight.

Nava also cites several cases from other states purporting to address the difference between professional negligence and ordinary negligence committed in a medical setting. In light of the recent ruling by our Supreme Court on the very issue presented by this appeal, we need not consider, much less address, what other jurisdictions have to say on the matter.

---

[4] Although it is improper to seek adjudication of a cause of action by means of a motion in limine, the plaintiff had failed to object to the motion in limine on that ground. (*Johnson v. Chui*, *supra*, 199 Cal.App.4th at pp. 780-781.)

9

DISPOSITION

The judgments are affirmed. Respondent Saddleback Memorial Medical Center to recover costs on appeal. In the interests of justice, as between appellant and respondent Herren Enterprises, Inc., the parties shall bear their own costs on appeal.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.

10

Filed 10/18/2016

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MANUEL NAVA,<br><br>   Plaintiff and Appellant,<br><br>      v.<br><br>SADDLEBACK MEMORIAL MEDICAL<br>CENTER et al.,<br><br>   Defendants and Respondents. | G052218<br><br>(Super. Ct. No. 30-2014-00706007)<br><br>ORDER GRANTING REQUEST<br>FOR PUBLICATION |

Respondent Saddleback Memorial Medical Center has requested that our opinion, filed on September 23, 2016, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c)(2) and (3). The request is GRANTED. The opinion is ordered published in the Official Reports.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.