Filed 4/22/21  Walker v. G.C. Block Investments, LLC CA1/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| ALVA DENISE WALKER et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>G.C. BLOCK INVESTMENTS, LLC et al.,<br><br>Defendants and Respondents. | A158541<br><br>(Contra Costa County Super. Ct. No. CIVMSC17-00790) |

### MEMORANDUM OPINION[1]

Plaintiffs Alva Denise Walker, Cleve Robert Walker, and Lindsey Jameice Walker appeal from a judgment after a jury trial.  They contend the trial court erroneously dismissed their cause of action for violation of Civil Code section 789.3[2] by way of an in limine ruling.  Because plaintiffs have not provided an adequate record to show error, we shall affirm.

---

[1]     We resolve this case by abbreviated form of opinion as permitted by California Rules of Court, Standard 8.1, which provides that a memorandum opinion is appropriate when the appeal "raise[s] no substantial issues of law or fact."

[2]     Further statutory references are to the Civil Code unless stated otherwise.  Section 789.3, subdivision (a), provides:  "A landlord shall not with intent to terminate the occupancy under any lease or other tenancy or estate at will, however created, of property used by a tenant as his residence

1

According to the complaint, plaintiffs were residents of property located in Antioch (the property) under a month to month lease with the prior owner of the property. In December 2016, the property was sold at a trustee's sale to defendants G.C. Block Investments, LLC and Patrick Gallagher. After defendants served notices to quit or vacate the property, plaintiffs agreed they would vacate by March 6, 2017. However, defendants started demolition of the property in February 2017, making it uninhabitable. As part of the demolition, the sinks, stove, and toilets were removed, and plaintiffs' personal belongings were thrown away. Plaintiffs asserted causes of action against defendants for trespass, invasion of privacy, breach of contract, breach of quiet enjoyment, negligent and intentional infliction of emotional distress, wrongful eviction, and violations of section 789.3.

Prior to trial, defendants filed motions in limine, including motion in limine no. 2 to exclude "any mention of attorney fees and treble damages." On May 6, 2019, at an unreported hearing, the trial court granted motion in limine no. 2.

The register of actions in this case demonstrates as follows. Plaintiffs began their case in chief on June 5, 2019, and rested their case on June 12, 2019. On June 13, 2019, during a reported hearing, the trial court "hear[d] arguments as to causes of action" and "[made] rulings as to the alleged causes of action as stated on the record." The defense called no witnesses. After closing arguments, the jury deliberated and returned a verdict for plaintiffs on their causes of action for trespass, invasion of privacy, and trespass to

_____

willfully cause, directly or indirectly, the interruption or termination of any utility service furnished the tenant, including, but not limited to, water, heat, light, electricity, gas, telephone, elevator, or refrigeration, whether or not the utility service is under the control of the landlord."

2

chattels, and awarded plaintiffs a total judgment of $18,920. The jury found defendants not liable under section 1940.2.[3]

Appealing from the judgment, plaintiffs contend the trial court erroneously dismissed their section 789.3 claim by granting motion in limine no. 2 on the erroneous ground that defendants were not "landlord[s]" within the meaning of section 789.3. According to plaintiffs, defendants became landlords by operation of law upon their purchase of the property, and they removed the sink, stove, and toilets to make the property uninhabitable and hasten plaintiffs' relinquishment of possession in violation of section 789.3. Thus, plaintiffs contend, they were denied the right to a jury trial on their section 789.3 claim, as well as statutory damages and reasonable attorney fees under section 789.3, subdivisions (c) and (d).

The fundamental flaw in plaintiffs' position is that the record on appeal does not reflect that the trial court *dismissed* their section 789.3 claim when it granted motion in limine no. 2. Indeed, defendants plausibly contend to the contrary that the trial court dismissed the section 789.3 claim on defendants' motion for nonsuit, *after* the conclusion of plaintiffs' case in chief. The record is not clear either way, and this is fatal to plaintiffs' appeal.

It is well settled that an appellant has the burden of showing reversible error by an adequate record. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574–575 (*Ballard*).) Appellants in ordinary civil proceedings must provide a reporter's transcript at their expense. (*City of Rohnert Park v. Superior Court* (1983) 146 Cal.App.3d 420, 430–431.) In lieu of a reporter's transcript, an appellant may submit an agreed or settled statement. (Cal. Rules of Court, rule 8.137;

---

[3] Section 1940.2 makes it unlawful for a landlord to engage in acts of theft, extortion, menacing conduct, or threats for the purpose of influencing a tenant to vacate a dwelling.

*Leslie v. Roe* (1974) 41 Cal.App.3d 104, 108.) Appellate courts have often refused to reach the merits of an appeal because no reporter's transcript or a suitable substitute was provided. (See, e.g., *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296; *Ballard*, at pp. 574–575.) Such refusals reflect the cardinal rule of appellate review that a trial court's judgment or order is presumed to be correct, and prejudicial error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

Plaintiffs did not provide a reporter's transcript or settled statement of the proceedings on motion in limine no. 2, the motion for nonsuit, or the testimony at trial. Nor is there any indication that plaintiffs sought but were unable to obtain a settled statement pursuant to California Rules of Court, rule 8.137. "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be conclusively presumed correct as to all evidentiary matters. To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error. [Citation.] The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.)

Plaintiffs point out that the hearing on motion in limine no. 2 was not reported, but this does not resolve the problem caused by the absence of a meaningful record to show the trial court's alleged error. The hearing on the motion for nonsuit *was* reported, and that transcript could have clarified whether and how the section 789.3 cause of action was dismissed. Plaintiffs, however, elected to proceed without it.

Despite these deficiencies in the appellate record, plaintiffs argue there is no dispute the section 789.3 claim was dismissed and not put before the

4

jury.  Even so, this by itself does not affirmatively demonstrate any error by the trial court.  By its terms, motion in limine no. 2 simply sought an order provisionally "excluding any mention, reference, or evidence of Plaintiffs' attorney fees or any mention of treble damages until the Court determines that Plaintiffs[] have a basis for arguing attorney's fees and treble damages under the applicable statutes."  The trial court's in limine ruling was presumably limited to the exclusion of such references before the jury.

That said, we acknowledge that motion in limine no. 2 also requested "a finding by the Court, prior to the start of trial, *as to whether the cited statutes apply*" (italics added), followed by specific arguments as to why defendants were not landlords within the meaning of section 789.3.  Nonetheless, without a reporter's transcript or settled statement, we cannot simply assume the trial court dismissed plaintiffs' seventh cause of action via the in limine ruling.  Indeed, a motion in limine is not designed to replace dispositive motions prescribed by the Code of Civil Procedure, such as motions for summary judgment.  (*Johnson v. Chiu* (2011) 199 Cal.App.4th 775, 780–781; *Amtower v. Photon Dynamics, Inc.* (2008) 158 Cal.App.4th 1582, 1594.)  We will not, on this inadequate record, assume the trial court engaged in an improper use of a motion in limine.

Plaintiffs cite nothing else in the record suggesting they were prevented from presenting evidence on their section 789.3 claim after the trial court granted motion in limine no. 2.  Attempting to refute defendants' representation that the section 789.3 claim was dismissed by nonsuit, plaintiffs claim the trial court reserved, but did not ultimately rule upon, the nonsuit motion.  Although the record reflects that a ruling on the nonsuit motion was "reserved" on June 6, 2019, it appears from the register of actions that a ruling was eventually made on June 13, 2019, when the trial court

5

heard arguments "as to causes of action" and "[made] rulings as to the alleged causes of action as stated on the record." Notably, this was the day after plaintiffs rested their case in chief.[4] Without a proper record, we cannot determine what findings the trial court made in evaluating the evidence and in ruling on the nonsuit motion.

We acknowledge that most of plaintiffs' appellate arguments raise pure questions of law, such as whether defendants became landlords by operation of law upon purchasing the property, and whether their removal of the sink, stove, and toilets constituted "interruption" of utility services within the meaning of section 789.3. However, the presumed dismissal of plaintiffs' section 789.3 claim may have been grounded on a lack of substantial evidence showing that defendants acted with the requisite intent to terminate plaintiffs' occupancy (§ 789.3, subd. (a)). Without a reporter's transcript or settled statement of the trial proceedings, we will presume the unreported trial testimony would demonstrate the absence of error. (*Estate of Fain*, *supra*, 75 Cal.App.4th at p. 992.)

The judgment is affirmed. Defendants are entitled to recover their costs on appeal.

---

[4] A motion for nonsuit allows a defendant to test the sufficiency of the plaintiff's evidence before presenting his or her case. (*Carson v. Facilities Development Co.* (1984) 36 Cal.3d 830, 838.)

_____

Fujisaki, Acting P.J.

WE CONCUR:


_____

Petrou, J.


_____

Jackson, J.


A158541

7