[Civ. No. 31144. Fourth Dist., Div. One. Apr. 11, 1985.]

MYRA CRUZ AVILA, a Minor, etc., et al., Plaintiffs and Appellants, v. STANDARD OIL COMPANY OF CALIFORNIA et al., Defendants and Respondents.

**COUNSEL**

Linda King, Joyce A. Sweet and Allen Robert Bloom for Plaintiffs and Appellants.

Jon A. Hammerbeck and Cooksey, Coleman & Howard for Defendants and Respondents.

OPINION

STANIFORTH, J.—Plaintiffs Myra Cruz Avila, Luis Arvizu and Soledad Macias appeal an order granting a motion for summary judgment in favor of defendants Standard Oil Company of California (Standard Oil) and Gil Stephens Enterprises, Inc. (Stephens).

On August 6, 1981, plaintiffs were injured when a pickup truck driven by Elias Meza, Jr., went out of control and struck them as they were walking down the street. Myra Cruz Avila and Luis Arvizu, by and through their guardians ad litem, and Soledad Macias filed an unverified complaint for damages for personal injuries sustained as a result of the accident, naming, inter alia, Elias Meza, Jr. (Meza), Ernesto Hernandez (Hernandez), Standard Oil and Stephens as defendants. The complaint in substance alleged on the date of the accident Meza and Hernandez were acting within the course and scope of their employment at the Stephens gas station.

Standard Oil and Stephens moved for summary judgment on the ground there were no triable issues of fact upon which to impute liability to them as Meza's and Hernandez' employers.

### RECITAL OF FACTS ON MOTION FOR SUMMARY JUDGMENT

The following facts are based on the moving papers, opposition thereto, and accompanying declarations and depositions considered by the trial court on the motion for summary judgment.

In 1977 Hernandez was employed as a gas station attendant at Stephens' Chevron station. His duties included pumping gas, checking oil, cleaning windows, checking tires and closing the gas station. His duties did not include those of a mechanic. Sometime after he was first hired, Hernandez was instructed by his supervisor Kevin Ganz not to do any work on personal vehicles during business hours. When Ganz, who generally worked the morning shift, was not present, Hernandez, who generally worked the afternoon shift, was in charge of the station.

In July 1981, Ganz gave Hernandez permission to train 15-year-old Meza to be a gas station attendant by having Meza observe Hernandez at work. With training, Meza hoped to get a job at the station as an attendant. As a

trainee, Meza washed floors at the gas station and observed Hernandez perform the duties of an attendant. Meza assisted Hernandez with his duties. Neither Hernandez nor Meza was required or requested at any time before the accident to repair customer vehicles or run errands for the station.

About two weeks before the accident, Hernandez received permission from Ganz to store his motorcycle at the station. The motorcycle required mechanical repairs. Hernandez made repairs on the motorcycle on days he was not working. Meza would help Hernandez with those repairs also on those days. On the day of the accident, and during working hours, Hernandez asked Meza to purchase some wire needed for repairs to his motorcycle. According to Meza's deposition and declaration, he helped Hernandez work on the motorcycle the day of the accident and Ganz was present during some of that time. Hernandez gave Meza some of his own money and had Meza take his father's (Frank Hernandez) pickup truck so Meza could drive to a hardware store for the wire. Meza, who did not have a driver's license, took the truck, drove a short distance from the gas station and lost control of the truck. The truck struck and injured plaintiffs.

DISCUSSION

I

■ Preliminarily, we observe plaintiffs' notice of appeal states the appeal is taken from the order granting the motion for summary judgment. An order granting a motion for summary judgment is a nonappealable preliminary order. (*Fraser-Yamor Agency, Inc.* v. *County of Del Norte* (1977) 68 Cal.App.3d 201, 207 [137 Cal.Rptr. 118]; *Zetterberg* v. *State Dept. of Public Health* (1974) 43 Cal.App.3d 657, 665 [118 Cal.Rptr. 100].) However, in the interests of justice and to avoid delay, we construe the order to incorporate summary judgment in favor of defendants Standard Oil and Stephens and interpret plaintiffs' notice of appeal to be from the summary judgment. (See, e.g., *Bellah* v. *Greenson* (1978) 81 Cal.App.3d 614 [146 Cal.Rptr. 535, 17 A.L.R.4th 1118]; *McGee* v. *Weinberg* (1979) 97 Cal.App.3d 798 [159 Cal.Rptr. 86].)

The trial court found Meza to be an employee. Neither party to this appeal takes issue with this finding. The trial court, however, concluded under the above set of facts Meza was acting outside the course and scope of his employment when he took Hernandez' personal truck in order to run the errand for Hernandez. On appeal, plaintiffs contend granting the motion for summary judgment was an abuse of discretion because a triable issue of fact exists as to whether Hernandez and Meza were acting within the course and scope of their employment when Hernandez asked Meza to get wire needed

to repair Hernandez' motorcycle and when Meza took Hernandez' truck in order to get to the hardware store.

We conclude the granting of summary judgment was improper because a triable issue of fact exists as to whether Meza was acting within the course and scope of his employment when he obeyed Hernandez and left the station to get wire. Another triable issue of fact is whether Hernandez received ostensible approval to work on his motorcycle during his work shift and whether such approval constituted part of the exchange of benefits between Standard Oil (employer) and Hernandez (employee).

## II

■ "[S]ummary judgment is a drastic measure which deprives the losing party of trial on the merits." (*People* ex rel. *Riles* v. *Windsor University* (1977) 71 Cal.App.3d 326, 331 [139 Cal.Rptr. 378]; *Munyon* v. *Ole's, Inc.* (1982) 136 Cal.App.3d 697, 700 [186 Cal.Rptr. 424].) ■ Summary judgment is appropriate only if no material fact issue exists or where the record "establishes as a matter of law that a cause of action asserted against [the defendant] cannot prevail." (*County of Los Angeles* v. *Security Ins. Co.* (1975) 52 Cal.App.3d 808, 816 [125 Cal.Rptr. 701].) ■ Thus, in determining on appeal whether there was an abuse of discretion by the trial court in granting the motion for summary judgment, we must review the moving papers to determine whether triable issues of fact exist by strictly construing the papers of the moving party (Standard Oil) and liberally construing those of the opposing party (plaintiffs). (*Church* v. *Arko* (1977) 75 Cal.App.3d 291, 295 [142 Cal.Rptr. 92].) Any doubts as to the propriety of granting the motion for summary judgment will be resolved in favor of plaintiffs.

## III

■ ■ An employer is responsible for the torts of his employee under the doctrine of respondeat superior, if the torts are committed in the course and scope of employment. (Civ. Code, § 2338; *Lazar* v. *Thermal Equipment Corp.* (1983) 148 Cal.App.3d 458, 462 [195 Cal.Rptr. 890].) "[W]hether an act was performed, or tort committed, in the scope of one's employment will depend upon all of the facts and circumstances of the case and such reasonable inferences as may be drawn therefrom. ' "Whether the act was or was not such as to be within the employment's scope is ordinarily one of fact for the jury's determination." ' [Citations.]" (*Temple* v. *Southern Pac. Transportation Co.* (1980) 105 Cal.App.3d 988, 995 [164 Cal.Rptr. 780].)

"[W]here the facts of the case make it arguable whether the employee has acted within the scope of his employment, then the scope of employment issue is one properly decided by the trier of fact." (*Alma W.* v. *Oakland Unified School Dist.* (1981) 123 Cal.App.3d 133, 138 [176 Cal.Rptr. 287].) ▆ Whether an employee committed a tort during the course and scope of his employment depends on whether the act performed was required or incident to his duties or whether his conduct could be reasonably foreseen by the employer in any event. (*Clark Equipment Co.* v. *Wheat* (1979) 92 Cal.App.3d 503, 520 [154 Cal.Rptr. 874].)

▆ Standard Oil contends summary judgment was proper because "there is no dispute that HERNANDEZ and MEZA [had] particular duties and that a company rule was in existence prohibiting employee repair of vehicles during business hours. There can only be one inference from this evidence, and that inference is that MEZA and HERNANDEZ were acting beyond the scope of their employment with [the station] when HERNANDEZ had MEZA obtain wire for him to use in regard to the repair on his motorcycle." Standard Oil also relies extensively upon the fact vehicles were not a required instrumentality for the performance of the employees' jobs and further the employees were never required to leave the station premises in order to run errands for the business.

Plaintiffs, on the other hand, contend summary judgment was improper because Meza was acting on orders of his supervisor, Hernandez, and questions of fact exist whether the rule against performing repairs on personal vehicles during working hours had been revoked and whether it was foreseeable Hernandez would take such steps as necessary to repair his motorcycle, including requesting Meza to get the needed wire.

There are triable issues of fact and the granting of the motion for summary judgment was an abuse of discretion by the trial court. Liberally construed, the depositions of Hernandez and Meza reveal these facts:

Meza was never told or ordered not to perform work on personal vehicles while on duty at the gas station and Hernandez had not been so instructed since he was first hired four years earlier. Further, Hernandez had received permission from his supervisor to keep his motorcycle at the station which the supervisor was aware needed repairs. These facts present the question whether at the time of the accident Meza and Hernandez had express or implied permission to repair their own vehicles during their work shifts since their supervisor had not reminded Hernandez such repairs were unauthorized and since the supervisor was aware the motorcycle was in need of repairs. (See, e.g., *Rodgers* v. *Kemper Constr. Co.* (1975) 50 Cal.App.3d 608 [124 Cal.Rptr. 143].) Indeed, one of the benefits to both

Hernandez and Standard Oil may have included allowing employees to work on personal vehicles while on duty. The jury should be permitted to make this determination.

■  Even if there was a policy or rule against such repairs, the fact that an employee acts in excess of authority is not inconsistent with the scope of employment if the employee's main purpose is to carry on the business of the employer. Minor deviations for personal or private purposes do not bring the employee outside the course and scope of employment. (*De Mirjian* v. *Ideal Heating Corp.* (1954) 129 Cal.App.2d 758, 766 [278 P.2d 114]; *Lazar* v. *Thermal Equipment Corp.*, *supra*, 148 Cal.App.3d 458.) On the other hand, if an employee substantially or materially deviates from his duties for personal purposes, the doctrine of respondeat superior will not be invoked to hold the employer liable for the employee's torts. (See e.g., *Alma W.* v. *Oakland Unified School Dist.*, *supra*, 123 Cal.App.3d 133, 139, and cases there cited; *Lazar* v. *Thermal Equipment Corp.*, *supra*, 148 Cal.App.3d 458, 465.)

The distinction between minor deviations and major or substantial departures from employment depends upon whether the conduct engaged in was foreseeable as that term is used in the context of respondeat superior. The test of foreseeability is whether in the particular business setting involved, the employee's conduct " 'is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business.' [Citation.]" (*Lazar* v. *Thermal Equipment Corp*, *supra*, 148 Cal.App.3d 458, 464.)  ■  Plaintiffs correctly contend it is a question of fact whether it was foreseeable Hernandez and Meza would perform repairs on the motorcycle and take such steps as necessary to make the repairs. Meza was instructed to follow Hernandez' directions. It is a question of fact whether under these circumstances it was foreseeable Hernandez would direct Meza to drive on an errand for Hernandez.

Contrary to Standard Oil's contention, the fact an automobile was not a required instrumentality for the performance of Hernandez and Meza's job duties does not establish as a matter of law they were acting outside the course and scope of their employment when Meza left the station premises in Hernandez' truck to get the wire needed to repair the motorcycle. The jury should be permitted to determine whether it was foreseeable these two employees would perform work on personal automobiles and that they might leave the premises to carry out such purposes. (See, e.g., *Curcic* v. *Nelson Display Co.* (1937) 19 Cal.App.2d 46, 52 [64 P.2d 1153]; *Temple* v. *Southern Pac. Transportation Co.*, *supra*, 105 Cal.App.3d 988, 992.)

Whether plaintiffs will be able to sustain their burden of proving Hernandez and Meza were acting within the course and scope of their employment

is not the issue here. (*Ducey* v. *Argo Sales Co.* (1979) 25 Cal.3d 707, 721 [159 Cal.Rptr. 835, 602 P.2d 755].) The issue is whether there are triable issues of fact for the jury to determine in this regard. We conclude there are several issues for the jury and summary judgment was improperly granted.

## Disposition

The judgment is reversed.

Brown (Gerald), P. J., and Lewis, J., concurred.