Filed 3/7/14  Clark v. Brown CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| PAMELA CLARK, | B246098 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. TC025700) |
| v. | |
| TANYA BROWN et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William P. Barry, Judge.  Affirmed.

Pamela Clark, in pro. per., for Plaintiff and Appellant.

Detrick Law Office and Brian S. Detrick for Defendants and Respondents.

_____

## SUMMARY

Pamela Clark, a self-represented litigant, appeals from a summary judgment in favor of her sister and father, defendants and respondents, Tanya Brown and Albert Moore, Sr. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Given the scant appellate record, no extensive overview of the background of this case is either necessary or possible. The following facts appear from the 37-page clerk's transcript which, together with snippets from Clark's deposition,[1] and the reporter's transcript from a hearing on the motions for summary judgment, form the appellate record. After her husband's death in November 2002, Clark experienced extreme emotional distress and instability. Clark asked Brown and Moore to manage her financial affairs, including at least $180,000 in proceeds from insurance policies taken out by Clark's husband. They agreed to do so and assured Clark all funds would be put into an account set up and used for her benefit. Clark began abusing drugs shortly after her husband's death, and continued doing so for the next eight years.

During 2003, Clark agreed to loan at least $42,000 each to Brown and Moore, each of whom assured Clark the funds would be repaid.

By November 2010, Clark had both obtained sobriety and learned that Brown and Moore had "'pillaged' vast sums of money" from her.

On August 29, 2011, Clark filed this action against Brown and Moore alleging causes of action for fraud, intentional misrepresentation, economic duress and constructive fraud. Eventually, Brown and Moore each moved for summary judgment. Clark filed no written opposition to either motion. Clark has been represented by counsel at various points since early in this proceeding, and was represented by counsel at the

---

[1] We granted Clark's Motion to Augment the record to add a declaration from respondent' counsel with attached excerpts from Clark's July 24, 2012 deposition, and a redundant copy of the reporter's transcript from the hearing on the summary judgment motions.

2

hearing on the summary judgment motions. No evidence or argument was offered on Clark's behalf in opposition to the motions. Following the hearing the court found "the evidence provided by Defendants Brown and Moore established that they [were] entitled to the granting of summary judgment on any matter which could have been asserted in the Complaint, both the matters that were expressly pled and matters which may have been asserted even if not specifically pled, because all such claims would all be barred by the applicable statutes of limitation." Respondents were ordered to prepare and serve a proposed judgment for the court's review and signature. Clark appeals.

### DISCUSSION

Clark purports to appeal from an order granting summary judgment. "An order granting a motion for summary judgment is a nonappealable preliminary order." (*Avila v. Standard Oil Co.* (1985) 167 Cal.App.3d 441, 445.) An appeal lies only from the judgment entered pursuant to an appealable order or judgment. (Code Civ. Proc., § 437c, subd. (m)(1); *Jennings v. Marralle* (1994) 8 Cal.4th 121, 126; *Davis v. Superior Court* (2011) 196 Cal.App.4th 669, 672.) In the absence of an appealable order, we lack jurisdiction and must dismiss the appeal. (*MinCal Consumer Law Group v. Carlsbad Police Dept.* (2013) 214 Cal.App.4th 259, 263; *In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307.) However, in the interest of justice, a notice of appeal may be construed to refer to the appealable judgment, assuming the appellant's intentions are clear. (See *Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 18; *Francis v. Dun & Bradstreet, Inc.* (1992) 3 Cal.App.4th 535, 539; *Avila v. Standard Oil Co.*, *supra*, 167 Cal.App.3d at p. 445.) Since it is clear that Clark intended to appeal from the judgment, we will liberally construe the notice of appeal to refer to the summary judgment. Clark has nevertheless failed to satisfy her burden to demonstrate reversible error.

The principles governing appellate review of an order granting summary judgment are well-known: "A trial court properly grants summary judgment where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law.

3

[Citation.] We review the trial court's decision de novo, considering all of the evidence the parties offered in connection with the motion . . . . [Citation.] In the trial court, once a moving defendant has 'shown that one or more elements of the cause of action . . . cannot be established,' the burden shifts to the plaintiff to show the existence of a triable issue; to meet that burden, the plaintiff . . . 'shall set forth the specific facts showing that a triable issue of material fact exists as to that cause of action . . . .' [Citations.]" (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476–477.) "But de novo review does not obligate us to cull the record for the benefit of the appellant in order to attempt to uncover the requisite triable issues. As with an appeal from any judgment, it is the appellant's responsibility to affirmatively demonstrate error and, therefore, to point out the triable issues the appellant claims are present by citation to the record and any supporting authority. In other words, review is limited to issues which have been adequately raised and briefed. [Citations.]" (*Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 116.)

The record presented by Clark is wholly inadequate.[2] It consists solely of the register of actions, the complaint, a minute order, an order granting summary judgment, a notice of appeal and proof of service, a notice designating the appellate record and a reporter's transcript. Clark did augment the record, but that augmentation includes only a redundant copy of the reporter's transcript of the summary judgment hearing and a declaration from respondents' counsel, with excerpts from Clark's deposition. Clark failed to provide this court with any document filed by respondents in connection with their unopposed summary judgment motions. Any facts presented in support of the

---

[2] That Clark is self-represented does not exempt her from these requirements. "Under the law, a party may choose to act as his or her own attorney. [Citations.] '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]' [Citations.]" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.) A self-represented litigant is not entitled to lenient treatment. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.)

motions were undisputed. Clark presented no evidence to support her claims and no opposition to the motions, either written or oral at the hearing on the motions, at which she was represented by counsel. Without a record of the proceedings below, and especially the motions and supporting evidence, we cannot conduct a de novo review. (Cal. Rules of Court, rules 8.120–8.122; see *Advanced Choices, Inc. v. State Dept. of Health Services* (2010) 182 Cal.App.4th 1661, 1670 [appellate court must ignore issues requiring review of documents not provided by appellant]; cf., *Estate of Fain* (1999) 75 Cal.App.4th 973, 987 [insufficient oral record].)

"Appealed judgments and orders are presumed correct, and error must be affirmatively shown. [Citation.]" (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) As appellant, Clark has the burden to provide an adequate and accurate appellate record to demonstrate error. Without an adequate record, "we cannot review the basis of the court's decision." (*Ibid.*) There is no basis on which to conclude there was any error as to the court's decision to grant summary judgment.

## DISPOSITION

The judgment is affirmed. Costs to respondents.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:



ROTHSCHILD, Acting P. J.



CHANEY, J.

5