Filed 4/4/23  Trinity Financial Services v. Svegliato CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| TRINITY FINANCIAL SERVICES LLC,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DANIEL SVEGLIATO,<br><br>    Defendant and Appellant. | B313697<br><br>(Los Angeles County<br>Super. Ct. No. 19LBCV00423) |
| DANIEL SVEGLIATO,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>U.S. BANK, N.A., et al.,<br><br>    Defendants and Respondents. | (Los Angeles County<br>Super. Ct. No. 19LBCV00433) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark C. Kim, Judge.  Dismissed.

Franklin Soto Leeds and Dean Kirby, for Plaintiff, Defendant, and Appellant Daniel Svegliato.

Frost Brown Todd, S. Christopher Yoo and Jacob Clark, for Plaintiff, Defendant, and Respondent Trinity Financial Services, LLC.

Wright Finlay & Zak and Jonathan Fink, for Defendants and Respondents U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as trustee, successor by merger to LaSalle National Bank, as trustee for GSAMP TRUST 2005-HE6, Mortgage Pass-Through Certificates, Series 2005-HE6; Western Progressive, LLC; and PHH Mortgage Corporation.

————————————

**INTRODUCTION**

This appeal arises from a nonjudicial foreclosure sale of real property located in Long Beach, California.

The foreclosure sale was scheduled for June 25, 2019, at 11:00 a.m.  Prior to that date, the owner of the property, Trinity Financial Services, LLC (Trinity), contacted the foreclosure trustee and obtained a reinstatement quote to cure the default on the mortgage loan.  The foreclosure trustee instructed Trinity to remit full payment of the reinstatement amount to the loan servicer no later than the date of the scheduled foreclosure sale.  On June 24, the day before the sale, Trinity initiated a wire transfer of the reinstatement funds, and the transfer of funds occurred the next morning, at or around 8:07 a.m.  Nevertheless, the foreclosure sale proceeded at 12:01 p.m.  Appellant Daniel

Svegliato submitted the highest bid. The next day, the foreclosure trustee contacted Svegliato to inform him that the sale should not have taken place because the loan had been reinstated and was no longer in default. The trustee promptly returned Svegliato's funds with interest, and a trustee's deed upon sale was never issued to Svegliato.

Litigation ensued. Trinity sued the lender, the foreclosure trustee, the loan servicer (collectively the Bank defendants), and Svegliato in one action, and Svegliato sued the Bank defendants and Trinity in another action. The trial court consolidated the actions and granted motions for summary judgment filed by the Bank defendants and Trinity. The trial court ultimately entered two judgments: a first judgment in favor of the Bank defendants, and a second judgment in favor of Trinity. Svegliato filed a notice of appeal as to the first judgment only.

We dismiss the appeal as to the Bank defendants and Trinity.

## FACTUAL BACKGROUND

The following facts are not in dispute:

In October 2018, Trinity became the owner of real property located in Long Beach, California (the property) subject to a mortgage loan secured by a deed of trust.[1] U.S. Bank[2] was the

---

[1] Trinity acquired title to the property through a properly conducted nonjudicial foreclosure sale and was issued a trustee's deed upon sale.

[2] The actual name of the entity is U.S. Bank, N.A., as Trustee, Successor in Interest to Bank of America, N.A., as Trustee, Successor by Merger to LaSalle National Bank, as Trustee for GSAMP Trust 2005-HE6, Mortgage Pass-Through

3

successor in interest to the original lender and the beneficiary of the deed of trust. U.S. Bank assigned Western Progressive, LLC (Western) to act as the foreclosure trustee of the deed of trust. PHH Mortgage Corporation (PHH) serviced the mortgage loan.

At the time Trinity acquired the property, the underlying mortgage loan was in default. The loan remained in default and as a result, a notice of trustee's sale was recorded, setting the foreclosure sale date for June 25, 2019 at 11:00 a.m.

Trinity sought to reinstate the loan and requested a mortgage reinstatement quote, which Western sent, via email, to Trinity on June 21, 2019. The letter containing the quote stated that the reinstatement amount of $43,060.61 "must be remitted no later than 06/25/2019." The letter further instructed that wire transfers should be sent to M&T Bank with "Credit to: PHH Mortgage Services" and listed the bank's routing number and PHH's account number.

On June 25, 2019, Trinity transferred to PHH the full amount via a wire from JP Morgan Chase Bank at or around 8:07 a.m. On that same date, the foreclosure sale took place at 12:01 p.m. and Svegliato submitted the highest bid. He tendered two cashier's checks to cover the purchase price. Western received postponement instructions only after the foreclosure sale took place.

The following day, Western contacted Svegliato to inform him to "walk away from the sale." On July 11, 2019, Western returned Svegliato's funds and informed him that it would not be issuing a trustee's deed upon sale. On July 31, 2019, Western

---

Certificates, Series 2005-HE6. For brevity, we will refer to the entity as U.S. Bank.

4

sent additional funds to Svegliato to cover interest from the sale date to the date the cashier's checks were returned to Svegliato.

A trustee's deed upon sale in favor of Svegliato was never issued or recorded.

## PROCEDURAL HISTORY

### I. Proceedings in the trial court

#### A. The two complaints

On June 28, 2019, Trinity sued the Bank defendants and Does 1 through 25 in case No. 19LBCV00423, alleging three causes of action: (1) to quiet title to the property; (2) to void the trustee's sale; and (3) for declaratory relief in the form of a judicial determination that Trinity possessed title to the property in fee simple. Trinity subsequently amended the complaint to name Svegliato as a Doe defendant.

On August 14, 2019, Svegliato filed a first amended complaint against Western Progressive, PHH, Trinity, and Does 1 through 50[3] in case No. 19LBVC00433, alleging three causes of action: (1) declaratory relief against Western and PHH in the form of a judicial determination that PHH's acceptance of the reinstatement funds was improper and that Svegliato was the "record owner" of the property; (2) breach of contract against

---

[3] Although U.S. Bank was not named in Svegliato's first amended complaint, U.S. Bank filed an answer to that pleading on behalf of itself, Western, and PHH. The answer constituted a general appearance in the action by U.S. Bank. (*Fireman's Fund Ins. Co. v. Sparks Construction, Inc.* (2004) 114 Cal.App.4th 1135, 1145 ["Filing an answer on the merits constitutes a general appearance."].)

Western and PHH; and (3) to quiet title to the property as to Western, PHH, and Trinity.

The parties stipulated to consolidate the two complaints. On February 15, 2020, the trial court accepted the stipulation, ordered the two actions consolidated, and designated the first case (case No. 19LBCV00423) as the lead case.

## B. The summary judgment motions

The Bank defendants filed a motion for summary judgment as to all causes of action alleged by Svegliato. Trinity also filed a motion for summary judgment as to all of its causes of action against the Bank defendants and Svegliato, and as to Svegliato's cause of action to quiet title. Svegliato filed separate oppositions to each motion for summary judgment.

On November 16, 2020, after a hearing during which both motions for summary judgment were argued, the trial court issued a written ruling granting both motions for summary judgment and denying Svegliato's request for a continuance.

## C. The December 3, 2020 judgment for the Bank defendants

The Bank defendants submitted a proposed judgment, which the court adopted and entered on December 3, 2020 (the December 3 judgment). The December 3 judgment stated that: judgment was entered in favor of the Bank defendants and against Svegliato; the Bank defendants were deemed the prevailing parties; and the Bank defendants were entitled to recover their costs incurred in the matter. The trial court's written ruling granting summary judgment was attached to the December 3 judgment and "incorporated by reference." Notice of

6

entry of the December 3 judgment was served on the same date, December 3, 2020.[4]

Svegliato filed a motion to vacate the judgment on December 18, 2020. The hearing on Svegliato's motion to vacate took place on May 6, 2021. The trial court issued a written ruling denying the motion on the same date. Notice of the ruling was served on the parties on May 10, 2021.

### D.    The April 28, 2021 judgment for Trinity

On December 4, 2020, Trinity filed an "Application for Entry of Default Judgment in Favor of Trinity Financial Services, LLC Against 'All Persons'." The application requested that the trial court enter "default judgment" in favor of Trinity against "all persons" claiming a right or interest in the property adverse to Trinity, and also judgment in favor of Trinity and against the Bank defendants and Svegliato pursuant to the trial court's ruling on Trinity's motion for summary judgment. On the same date, Trinity served a proposed judgment on Svegliato and the Bank defendants.

The hearing on Trinity's application for entry of judgment took place on January 13, 2021. After hearing testimony, the trial court granted the application and directed Trinity to electronically file a proposed judgment for the court's approval and entry.

On April 28, 2021, the trial court entered judgment in favor of Trinity and against the Bank defendants, Svegliato, and "all

---

[4]    The proof of service for the notice of entry of judgment reflects a date of December 3, 2013, a clear typographical error. All parties agree that service of notice of entry took place on December 3, 2020.

persons" claiming a right or interest in the property (the April 28 judgment). The final judgment mirrored the proposed judgment Trinity had previously served on all parties. Trinity served notice of entry of the April 28 judgment on the same date.[5]

The April 28 judgment stated that: judgment was entered in favor of Trinity and against the Bank defendants and Svegliato on all causes of action alleged in Trinity's complaint, and in favor of Trinity and against Svegliato on his third cause of action to quiet title; title to the property was quieted in favor of Trinity effective October 25, 2018; Trinity held title to the property in fee simple subject only to the senior lien interest held by U.S. Bank; defendants had no legal or equitable right, title, or interest in the property adverse to Trinity; the trustee's sale that occurred on June 25, 2019 was null and void, and Svegliato took no interest in the property; and Trinity was the prevailing party. The judgment attached a copy of the November 16, 2020 summary judgment ruling and incorporated the ruling by reference.

## II. The notice of appeal and subsequent proceedings

### A. Notice of appeal

Svegliato filed a notice of appeal on June 1, 2021. The notice of appeal specified that Svegliato was appealing from the judgment entered on "December 3, 2020" and checked the box:

---

[5]     We note that neither the appellant's appendix nor the respondent's appendix (filed by Trinity) contain a copy of the notice of entry of the April 28th judgment. In response to this court's request, the Bank defendants and Trinity each provided a copy of said notice and its accompanying proof of service. We take judicial notice of this document on our own motion. (Evid. Code, §§ 451, 459.)

"Judgment after an order granting summary judgment." The certificate of service attached to the notice of appeal indicates that Svegliato served only the Bank defendants with the notice of appeal. In the Civil Case Information Sheet filed with this court, Svegliato indicated that he was appealing from the judgment entered on December 3, 2020, and that service of notice of entry of the judgment occurred on that same date. Svegliato additionally attached a copy of the December 3 judgment.

## B.    Trinity's motion to dismiss

In its respondent's brief, Trinity argued that because the April 28 judgment was the only judgment that fully adjudicated Trinity's claims, and because Svegliato failed to appeal from that judgment, the instant appeal should be dismissed as to Trinity for lack of jurisdiction. Trinity subsequently filed a motion to dismiss the instant appeal and raised the same argument. Svegliato opposed the motion.[6] The Bank defendants took no position on Trinity's motion to dismiss. This court deferred ruling on Trinity's motion to dismiss pending a decision on the merits of the appeal.

## C.    Supplemental briefing

Because no party addressed the issue of whether the notice of appeal was timely filed as to the December 3 judgment, this court requested supplemental briefing on that issue. (See *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 849 ["[B]ecause the timeliness of an appeal poses a jurisdictional issue, we must raise the point sua sponte"].) Specifically, this court invited parties to address the following questions: First, is the notice of appeal

---

[6]    Svegliato's request for judicial notice filed in conjunction with his opposition to the motion to dismiss is hereby granted.

9

timely? Second, if the notice of appeal is not timely and the appeal is dismissed as to the December 3 judgment, what impact, if any, does the dismissal have on the pending motion to dismiss by Trinity? Third, was notice of entry of the April 28 judgment served, and if so, when?

In his supplemental briefing, Svegliato did not directly address the court's question regarding the timeliness of the notice of appeal from the December 3 judgment. Rather, he argued that the notice of appeal should be liberally construed to embrace the April 28 judgment and that this court should deny Trinity's motion to dismiss. Trinity argued in its supplemental briefing that the appeal from the December 3 judgment was untimely, and thus this court should dismiss the appeal for lack of jurisdiction. The Bank defendants argued that the appeal from the December 3 judgment was untimely and thus they should be dismissed from the appeal; they took no position on the timeliness of Svegliato's appeal with respect to Trinity's judgment.

## DISCUSSION

### I. The appeal is dismissed as to the Bank defendants

#### A. Rules regarding time to appeal

" '[T]he timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction.' " (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 881 (*K.J.*)) "It is also well settled an appellate court cannot relieve a party from a default occasioned by the failure to file a timely appeal." (*Grant v. List & Lathrop* (1992) 2 Cal.App.4th 993, 997.)

Pursuant to California Rules of Court, rule 8.100(a)(1), "[t]o appeal from a superior court judgment or an appealable order of

a superior court . . . an appellant must serve and file a notice of appeal in that superior court."

Subject to any applicable extension of time, the time for filing a notice of appeal is governed by California Rules of Court, rule 8.104(a), which provides, in relevant part, that a notice of appeal must be filed "on or before the earliest of" the following: (1) "60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served"; (2) "60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service"; or (3) "180 days after entry of judgment." (Cal. Rules of Court, rule 8.104(a)(1)(A), (B), & (C).)

When a party files a "valid notice of intention to move – or a valid motion – to vacate a judgment, the time to appeal from the judgment is extended for all parties until the earliest of: [¶] (1) 30 days after the superior court clerk, or a party serves an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first notice of intention to move – or motion – is filed; or [¶]180 days after entry of judgment."[7] (See Cal. Rules of Court, rule 8.108(c)(1), (2), & (3).)

---

[7] The advisory committee comments to California Rules of Court, rule 8.108 provide that the "motion to vacate" referenced in this rule includes a motion made under Code of Civil Procedure section 663a for claimed judicial error and a motion made under Code of Civil Procedure section 473, subdivision (b) because of mistake, inadvertence, surprise, or neglect. (Advisory Com. com., rule 8.108.)

11

### B. The appeal is untimely as to the December 3 judgment

Here, the trial court entered judgment in favor of the Bank defendants, and against Svegliato, on December 3, 2020. Notice of entry of the judgment was served on all parties on the same date, December 3, 2020. Thus, pursuant to California Rules of Court, rule 8.104(a)(1)(B), the last day for any party to appeal from that judgment would have been February 1, 2021 (60 days after service of notice of entry of judgment), subject to any applicable extension of time.

Svegliato filed a timely motion to vacate the judgment pursuant to Code of Civil Procedure section 473 on December 18, 2020. Thus, the time to appeal from the judgment was extended for all parties until March 18, 2021 (90 days after the motion to vacate was filed), which is the earliest of the three dates specified in California Rules of Court, rule 8.108(c). The other two applicable dates are June 9, 2021 (30 days after service of notice of the ruling denying the motion was served) and June 1, 2021 (180 days after entry of judgment), both of which are later than March 18, 2021. (See Cal. Rules of Court, rule 8.108(c).)

Because Svegliato did not file his notice of appeal until June 1, 2021, the notice of appeal was untimely as to the December 3 judgment.[8] Svegliato does not contend otherwise in

---

[8] California Rules of Court, rule 8.108 "operates only to extend the time to appeal otherwise prescribed in rule 8.104(a); it does not shorten the time to appeal. If the normal time to appeal stated in rule 8.104(a) is longer than the time provided in this rule, the time to appeal stated in rule 8.104(a) governs." (Cal. Rules of Court, rule 8.108(a).) Here, the time to appeal as stated in California Rules of Court, rule 8.104(a) was 60 days after service of notice of entry of judgment, or February 1, 2021. The

his supplemental briefing submitted to the court. Accordingly, we have no jurisdiction to consider Svegliato's challenge to the December 3 judgment. (See *K.J.*, *supra*, 8 Cal.5th at p. 881 [timely notice of appeal " 'is an absolute prerequisite to the exercise of appellate jurisdiction' "]; *Fritz v. Foote* (1958) 162 Cal.App.2d 622, 624 ["[t]imely filing of the notice of appeal is jurisdictional (citation) and a late filing requires the court, of its own motion, to dismiss the appeal"]; *In re Del Campo* (1961) 55 Cal.2d 816, 817 ["the time requirements for taking an appeal are mandatory, and appellate courts are without jurisdiction to consider a late appeal"].) We therefore dismiss the appeal from the December 3, 2020 judgment entered in favor of the Bank defendants.

## II. The appeal is dismissed as to Trinity

### A. The notice of appeal does not reference or identify the April 28 judgment

As noted above, in order "[t]o appeal from a superior court judgment or an appealable order of a superior court . . . an appellant must serve and file a notice of appeal in that superior court." (Cal. Rules of Court, rule 8.100(a)(1); see also *K.J.*, *supra*, 8 Cal.5th at p. 881 ["timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction"].) "The purpose of this requirement is to promote the finality of judgments by forcing the losing party to take an appeal expeditiously or not at all." (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113.)

---

motion to vacate therefore extended the time to appeal to March 16, 2021.

On its face, the notice of appeal filed by Svegliato on June 1, 2021 did not reference the April 28 judgment, which is the only judgment that pertained to Trinity. And Svegliato has filed no additional notice of appeal referencing the April 28 judgment. Because the time to appeal from the April 28 judgment has long since expired, this court has no jurisdiction over Trinity. (*Silverbrand v. County of Los Angeles*, *supra*, 46 Cal.4th at p. 113 ["the filing of a timely notice of appeal is a jurisdictional prerequisite"]; see also *Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 173 [" '[W]here several judgments and/or orders occurring close in time are separately appealable . . . each appealable judgment and order must be expressly specified—in either a single notice of appeal or multiple notices of appeal—in order to be reviewable on appeal.' "].)

In opposition to Trinity's motion to dismiss, Svegliato argued the following: (1) "Trinity's rights as to Svegliato were fully adjudicated by the 12/3/20 judgment," and thus it was unnecessary for Svegliato to appeal from the April 28 judgment because he timely appealed from the December 3 judgment; (2) because "the 4/28/21 judgment was subsumed within the 12/3/20 judgment," this court has jurisdiction over Trinity based on Svegliato's timely appeal from the December 3 judgment; and (3) "Svegliato has timely appealed from the 12/3/20 [j]udgment" and therefore this court should hear the appeal from both judgments to promote judicial economy and avoid the possibility of future conflicting judgments. All of these arguments necessarily fail because they are premised on the mistaken notion that Svegliato timely appealed from the December 3 judgment.

Svegliato's remaining argument in opposition to Trinity's motion to dismiss—that the notice of appeal from the December 3

14

judgment should be considered a "premature notice of appeal" from the April 28 judgment —likewise fails. The cases cited by Svegliato in support of his argument are inapposite. In *Avila v. Standard Oil Co.* (1985) 167 Cal.App.3d 441, 445, the plaintiffs appealed from the trial court's order granting summary judgment before the court entered judgment in favor of defendants. Similarly, in *Bellah v. Greenson* (1978) 81 Cal.App.3d 614, 618, fn. 1, the plaintiff appealed from the trial court's order sustaining the demurrer filed by the defendants, and not the judgment of dismissal itself. In both cases, the appellate court, in the interests of justice and to avoid delay, construed the notices of appeal to be premature appeals from the ensuing judgments. (*Avila v. Standard Oil Co.*, *supra*, 167 Cal.App.3d at p. 445; *Bellah v. Greenson*, *supra*, 81 Cal.App.3d at p. 618, fn. 1.)

In stark contrast to the plaintiffs in the foregoing cases, Svegliato did not appeal *before* either of the judgments were entered in this case. Rather, he appealed *after* he was served with notice of entry of both the December 3 and April 28 judgments. (And his notice of appeal from the December 3 judgment was untimely at that.) There is simply no basis from which we could construe the notice of appeal filed on June 1, 2021 as a "premature appeal" from a judgment that had already been entered for at least a month.

**B.     The notice of appeal cannot reasonably be construed to embrace the April 28 judgment**

Despite the untimeliness of his notice of appeal as to the December 3 judgment, Svegliato argues in his supplemental briefing that we should liberally construe his notice of appeal to

15

embrace the April 28 judgment.[9]  If construed to include the April 28 judgment, then the notice of appeal would be, according to Svegliato, timely.

A "notice of appeal must be liberally construed," (Cal. Rules of Court, rule 8.100(a)), and "the law favors the preservation of the right of appeal and the hearing of appeals on their merits" (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Board* (1959) 169 Cal.App.2d 785, 790).  The "liberal construction requirement compels a reviewing court to evaluate whether the notice, despite any technical defect, nonetheless served its basic function—to provide notice of who is seeking review of what order or judgment—so as to properly invoke appellate jurisdiction."  (*K.J.*, *supra*, 8 Cal.5th at p. 883.)

Here, the notice of appeal filed by Svegliato failed to serve its basic function of providing notice that he was seeking review of the April 28 judgment.  The notice of appeal did not make any reference to the April 28 judgment.  Further, Svegliato did not

---

[9]     In his supplemental briefing, Svegliato refers to the April 28 judgment as a "stealth judgment" because he was purportedly not served with either the proposed judgment or notice of entry of the judgment.  The record belies Svegliato's contention and clearly demonstrates there was no "stealth judgment."  Trinity served Svegliato with its proposed judgment on December 4, 2020, and notice of entry of that judgment on April 28, 2021.  Furthermore, at the hearing on Svegliato's motion to vacate the December 3 judgment, counsel for Trinity stated on the record in the presence of Svegliato's counsel that "Trinity's judgment was entered on April 26th of 2021."  While counsel got the date wrong by a couple of days, his statement in open court clearly demonstrated that he was not hiding the fact that judgment had recently been entered on behalf of his client.

16

serve Trinity with the notice of appeal that he filed.  Thus, the notice of appeal was wholly inadequate in providing notice to Trinity that Svegliato was seeking to appeal the April 28 judgment.  The doctrine of liberal construction cannot be used to resuscitate an inadequate notice of appeal in the manner urged by Svegliato.  (See *Shiver, McGrane & Martin v. Littell* (1990) 217 Cal.App.3d 1041, 1045 ["[d]espite the rule favoring liberal interpretation of notices of appeal, a notice of appeal will not be considered adequate if it completely omits any reference to the judgment being appealed"].)

Furthermore, the "rule favoring appealability in cases of ambiguity cannot apply where there is a clear intention to appeal from only part of the judgment or one of two separate appealable judgments or orders."  (*Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 47.)  Svegliato's intention to appeal from the December 3 judgment, and only that judgment, is evident from the record.  The notice of appeal listed only the December 3 judgment, and Svegliato served only the Bank defendants (i.e., the prevailing parties with respect to that judgment) with the notice of appeal.  Additionally, he attached only a copy of the December 3 judgment to the Civil Case Information Sheet filed with this court.  (See *Russell v. Foglio* (2008) 160 Cal.App.4th 653, 661 [court declined to apply doctrine of liberal construction to include a subsequent appealable order where appellant specified the date of another judgment and attached a copy of said judgment; doctrine of liberal construction "applies primarily . . . where the notice of appeal has misdescribed the judgment or order sought to be appealed from"].)  Indeed, in his opening brief, Svegliato makes no reference to the April 28 judgment, and he omits a copy of the

17

judgment from his appellant's appendix, further underscoring the point that he intended to appeal only from that December 3 judgment.

Furthermore, "it is well 'beyond liberal construction' to view an appeal from one order as an appeal from a 'further and different order.' " (*Baker v. Castaldi* (2015) 235 Cal.App.4th 218, 225.) While the December 3 and April 28 judgments stem from consolidated actions arising out of the same judicial foreclosure sale, they are different in two significant respects: First, as Svegliato concedes in his supplemental briefing, the April 28 judgment is "the only judgment which expressly disposed of Trinity's quiet title claim." Second, the April 28 judgment provides for declaratory relief in the form of a judicial determination that Trinity owns the property in fee simple. The December 3 judgment provides no such relief to Trinity. Because of these differences, the April 28 judgment is a "further and different" judgment as compared to the December 3 judgment, which weighs against applying the doctrine of liberal construction. (*Ibid.*)

In support of his argument that this court should construe his notice of appeal as embracing the April 28 judgment, Svegliato cites *K.J.*, *supra*, 8 Cal.5th 875, a case that is distinguishable on its facts. In *K.J.*, our high court considered the "narrow question of procedural law" of whether an appellate court has "jurisdiction to review an order directing an attorney to pay sanctions when the notice of appeal identifies the attorney's client as the appealing party, but other indicia make clear that the attorney was the party seeking review." (*Id.* at p. 878.) The court held that appellate jurisdiction did exist in that case because the record demonstrated clear indicia that the attorney

18

was the intended appellant of the sanctions order.  (*Id.* at p. 889.) Here, for all the reasons cited above, the record contains no indicia that Svegliato intended to appeal from the April 28 judgment.  To the contrary: all indicia, including those found in the notice of appeal, civil case information sheet, appellant's opening brief, and appellant's appendix, all make clear that Svegliato intended to appeal from the December 3 judgment only.

Finally, in both his supplemental briefing and opposition to the motion to dismiss, Svegliato argues that Trinity has suffered no prejudice as a result of his failure to reference the April 28 judgment in his notice of appeal, and thus, we should construe the notice to embrace the April 28 judgment.  The issue of prejudice to Trinity, however, arises only if Svegliato can establish that it is "reasonably clear" that he was trying to appeal from the April 28 judgment. (See *K.J.*, *supra*, 8 Cal.5th at p. 882 ["[r]ule 8.100(a)(2)'s liberal construction requirement reflects the long-standing ' "law of this state that notices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what [the] appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced" ' "]; see also *Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 22 ["a reviewing court should construe a notice of appeal from an order denying a new trial to be an appeal from the underlying judgment when it is reasonably clear the appellant intended to appeal from the judgment and the respondent would not be misled or prejudiced"].)  For the reasons cited above, Svegliato has failed to establish that it is "reasonably clear" he intended to appeal from the April 28 judgment.  Therefore, we need not reach his claim that Trinity has suffered no prejudice.

## DISPOSITION

The notice of appeal filed by Daniel Svegliato on June 1, 2021, is untimely.  The motion to dismiss filed by Trinity is granted.  The appeal from the December 3, 2020 judgment and purported appeal from the April 28, 2021 judgment are dismissed.  Respondents U.S. Bank, Western, PHH, and Trinity are entitled to their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

NGUYEN (KIM), J.*

We concur:

EDMON, P. J.

LAVIN, J.

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.